# State of Rhode Island Appeals Cover Sheet

**Volume: 1 of  1**
**Trial Court Case Number: WC-2020-0360**

**Appeal Index**

| Date: | Document Description | Page Number | Volume |
|-------|---------------------|-------------|--------|
| 10/09/2020 | Docket Sheet | 3 - 3 | 1 |
| 10/09/2020 | Clerk's Certificate | 4 - 4 | 1 |
| 10/09/2020 | Notice of Removal | 1 - 2 | 1 |
| 10/08/2020 | Application for Entry of Default Filed | 11 - 11 | 1 |
| 10/08/2020 | Application for Entry of Default Filed | 6 - 10 | 1 |
| 10/08/2020 | Application for Entry of Default Filed | 5 - 5 | 1 |
| 09/08/2020 | SC-CMS-01 Summons | 18 - 20 | 1 |
| 09/08/2020 | SC-CMS-01 Summons | 15 - 17 | 1 |
| 09/08/2020 | Summons | 12 - 14 | 1 |
| 09/07/2020 | Complaint Filed | 35 - 65 | 1 |
| 09/07/2020 | Complaint Filed | 32 - 34 | 1 |
| 09/07/2020 | Complaint Filed | 29 - 31 | 1 |
| 09/07/2020 | Complaint Filed | 25 - 28 | 1 |
| 09/07/2020 | Complaint Filed | 21 - 24 | 1 |

**Total Number of pages**          65

Case 1:20-cv-00438-WES-PAS   Document 5   Filed 10/13/20   Page 2 of 66 PageID #: 62

STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS

SUPERIOR COURT                          WASHINGTON COUNTY

| | |
|---|---|
| CHRISTOPHER LACCINOLE, )<br><br>Plaintiff, )<br><br>v. )<br><br>HONORING AMERICAN LAW<br>ENFORCEMENT PAC, )<br><br>Defendant. ) | CIVIL ACTION NO.  WC-2020-0360 |

**NOTICE OF REMOVAL**

TO:   THE CLERK OF THE SUPERIOR COURT IN WASHINGTON COUNTY, RHODE
      ISLAND AND ALL PARTIES:

      PLEASE TAKE NOTICE: Defendant Honoring American Law Enforcement PAC

("HALE") has filed a Notice of Removal with the United States District Court for the District of

Rhode Island to remove this case from the Washington County Superior Court. HALE's Notice

of Removal is attached.

      In accordance with Rhode Island Superior Court's Electronic Filing System Guidelines,

paragraphs 10.1 and 10.2, 28 U.S.C. §1446, and Local Rule 81, please transfer the entire court

record of this matter to the U.S. District Court for the District of Rhode Island. Should you

require anything further regarding this matter, please contact the undersigned.

Case Number: WC-2020-0360
Filed in Washington County Superior Court
Submitted: 10/9/2020 11:46 AM
Envelope: 2786119
Reviewer: Danielle K.

Case 1:20-cv-00438-WES-PAS   Document 5   Filed 10/13/20   Page 3 of 66 PageID #: 63

Respectfully Submitted,
**HONORING AMERICAN LAW
ENFORCEMENT PAC**
By Its Attorneys


/s/ Brian C. Newberry
Brian C. Newberry (RI #5542)
bnewberry@donovanhatem.com
Adam C. Benevides (RI #8043)
abenevides@donovanhatem.com
**DONOVAN HATEM LLP**
53 State Street, 8th Floor
Boston, MA 02109
(617) 406-4500
(617) 406-4501 *fax*

Dated:  October 9, 2020

## CERTIFICATE OF SERVICE

I certify that on this 9th day of October, 2020, I filed the within document through the Electronic Filing System and caused a true copy of this document to be served via electronic mail upon the Plaintiff:

Christopher M. Laccinole (Pro se)
23 Othmar Street
Narragansett, RI 02882
chrislaccinole@gmail.com
*Pro Se Plaintiff*

/s/ Brian C. Newberry

2119387
99997.547

2

WASHINGTON COUNTY SUPERIOR COURT

# SC DOCKET SHEET
## CASE NO. WC-2020-0360

| | | | |
|---|---|---|---|
| Christopher Laccinole | § | Location: | **Washington County Superior Court** |
| v. | § | | |
| Honoring American Law Enforcement PAC | § | Filed on: | **09/07/2020** |
| | § | US District Court Case Number: | **1:20-cv-00438** |
| | § | | |

---

### CASE INFORMATION

**Statistical Closures**
10/09/2020   Closed-Non Trial-Unassigned-Removed to Federal Court

Case Type: **Deceptive Trade Practice**

Case Status: **10/09/2020   Closed**

---

| DATE | CASE ASSIGNMENT |
|---|---|
| | **Current Case Assignment** |
| | Case Number      WC-2020-0360 |
| | Court      Washington County Superior Court |
| | Date Assigned      09/07/2020 |

---

### PARTY INFORMATION

*Lead Attorneys*

| Plaintiff | **Laccinole, Christopher** | **Pro Se** |
|---|---|---|
| | | 14017830762(H) |
| Defendant | **Honoring American Law Enforcement PAC** | **BENEVIDES, ADAM** |
| | | *Retained* |
| | | 6174064500 x4529(W) |

---

| DATE | EVENTS & ORDERS OF THE COURT |
|---|---|
| 10/09/2020 | Closed-Non Trial-Unassigned-Removed to Federal Court |
| 10/09/2020 | Case Removed to US District Court |
| 10/09/2020 | Notice of Removal |
| | *NOTICE OF REMOVAL* |
| 10/09/2020 | Default Entered |
| 10/08/2020 | Application for Entry of Default Filed |
| | *Plaintiff's Request for Entry of Default* |
| 09/08/2020 | Summons |
| 09/07/2020 | Complaint Filed |
| | *Complaint* |

*Printed on 10/09/2020 at 2:27 PM*



## STATE OF RHODE ISLAND
## AND PROVIDENCE PLANTATIONS

### CLERK'S CERTIFICATE AND TRANSMITTAL OF THE RECORD

**Case Information**

Case Caption: Christopher Laccinole   vs.   Honoring American Law Enforcement PAC

Federal Court Case No. 1:20-cv-00438   State Court Case No. WC-2020-0360

**Record Information**

Confidential:     Yes ☐   No ☑   Description: _____

Sealed documents:   Yes ☐   No ☑   Description: _____

**Certification**

I, Danielle Keegan _____, Clerk of the Rhode Island Superior Court for the County of
Washington _____, do certify that the attached documents are all the documents
included in the record in the above referenced case.

Date: Oct/9/2020

Clerk:
/s/ Danielle Keegan

Prepared by:
/s/ Danielle Keegan

Case Number: WC-2020-0360
Filed in Washington County Superior Court
Submitted: 10/8/2020 8:25 PM
Envelope: 2785421
Reviewer: Christine F.

Case 1:20-cv-00438-WES-PAS   Document 5   Filed 10/13/20   Page 6 of 66 PageID #: 66

**STATE OF RHODE ISLAND**          **SUPERIOR COURT**
**WASHINGTON COUNTY**

**CHRISTOPHER LACCINOLE**          **C.A. No. WC-2020-00360**
*Plaintiff*

**Vs.**

**Honoring American Law Enforcement PAC**
**&**
**DOES 1-10, inclusive**
*Defendants*

<u>**ENTRY OF DEFAULT**</u>

It appearing that Defendant Honoring American Law Enforcement PAC has failed

to plead or otherwise defend as provided by the Rhode Island Superior Court Rules of Civil

Procedure,

**DEFAULT** is hereby **ENTERED** for the Plaintiff and against Defendant captioned

above on this _____9th_____ day of ____October____, 2020.

ENTER:


_____/s/ Danielle Keegan_____
     Clerk
                       Respectfully Submitted,
                       The Plaintiff,
                       Christopher Laccinole


                       */s/ Christopher M. Laccinole*
                       Christopher M. Laccinole
                       23 Othmar St.
                       Narragansett, RI 02882
                       chrislaccinole@gmail.com

1

| STATE OF RHODE ISLAND | SUPERIOR COURT |
|---|---|
| WASHINGTON COUNTY | |

**CHRISTOPHER LACCINOLE**            C.A. No. WC-2020-00360
*Plaintiff*

Vs.

**Honoring American Law Enforcement PAC**
**&**
**DOES 1-10, inclusive**
*Defendants*

## AFFIDAVIT OF PLAINTIFF

1.    I am Christopher Michael Laccinole, a person over the age of 18, and competent to testify.

2.    The facts stated in this affidavit are within my personal knowledge and are true and correct.

3.    I am the Plaintiff in the above captioned case that I filed in this Superior Court.

4.    Defendant Honoring American Law Enforcement PAC was served in this action on September 14, 2020 via USPS certified return receipt mail (Tracking Number 7020 1810 0001 1106 1388) with a summons, complaint, four exhibits, and four language assistance notices.

5.    I was given receipts for those mailings from the post office.

6.    I placed those receipts in my personal filing cabinet as is customary for documents I keep.

7.    That on September 14, 2020, Defendant's Registered Agent, CT Corporation System signed for receipt of service.

8.    When I checked my mailbox on September 28, 2020, I found the signed, returned

1

Case Number: WC-2020-0360
Filed in Washington County Superior Court
Submitted: 10/8/2020 6:25 PM
Envelope: 2785421
Reviewer: Christine F.

20-cv-00438-WES-PAS   Document 5   Filed 10/13/20   Page 8 of 66 PageID #: 68

receipt for those mailings from the post office.

9.  I placed that receipt in my personal filing cabinet as is customary for documents I keep.

10. That a true and accurate copy of the signed green return receipts showing the mailings referenced in paragraphs 5 through 9 of this affidavit is attached here as Exhibit 1.

11. Over twenty (20) days have passed since Defendant was served in this action and Defendant has failed to plead or otherwise defend this action as provided by this Court's rules.

12. Defendant Honoring American Law Enforcement PAC is in default on this action.

13. The Defendant in this action is not a person in military service as defined in Article 1 of the "Soldiers' and Sailors' Civil Relief Act" of 1940.

14. I have incurred substantial costs in this action.

DATE:  October 8, 2020

2

Case Number: WC-2020-0360
Filed in Washington County Superior Court
Submitted: 10/8/2020 6:25 PM
Envelope: 2785421
Reviewer: Christine F.

Case 1:20-cv-00438-WES-PAS    Document 5    Filed 10/13/20    Page 9 of 66 PageID #: 69

## STATEMENT UNDER OATH

I understand that I am swearing or affirming under oath to the truthfulness of the claims made in this affidavit and that the punishment for knowingly making a false statement includes fines and/or imprisonment.

Dated: Oct 8, 2020          Signature of Party: _____

Christopher M. Laccinole
23 Othmar St.
Narragansett, RI 02882


STATE OF RHODE ISLAND
COUNTY OF WASHINGTON
Sworn to or affirmed and signed before me on 10/8/20 by Christopher M Laccinole

Timothy Busby
Rhode Island
ID# 757738
Exp: 03/30/2023

_____
NOTARY PUBLIC

Timothy D Busby
Printed Name of Notary

_____ Personally known

✓ Produced identification

Type of identification produced: RIDL# 2700008

The Plaintiff,
Christopher Laccinole


/s/ Christopher M. Laccinole
Christopher M. Laccinole
23 Othmar St.
Narragansett, RI 02882
chrislaccinole@gmail.com

3

# EXHIBIT

# 1

Case Number: WC-2020-0360
Filed in Washington County Superior Court
Submitted: 10/13/2020 3:23 PM
Envelope: 2785421
Reviewer: Christine F.

WC-2020-0360 WES-PAS   Document 5   Filed 10/13/20   Page 11 of 66 PageID #: 71

POSTAL SERVICE

```
              WAKEFIELD
          551 KINGSTOWN RD
       WAKEFIELD, RI 02879-9994
             (800)275-8777

09/08/2020                   12:34 PM
------------------------------------------
Product          Qty   Unit     Price
                       Price
------------------------------------------
PM 2-Day           1            $7.75
Flat Rate Env
    Washington, DC  20005
    Flat Rate
    Expected Delivery Day
    Friday 09/11/2020
Certified                      $3.55
    USPS Certified Mail #
    70201810000111061388
Return Receipt                 $2.85
    USPS Return Receipt #
    9590940260850125961331
Total                         $14.15

Grand Total:                  $14.15
------------------------------------------
Credit Card Remitd            $14.15
    Card Name:VISA
    Account #:XXXXXXXXXXXX0629
    Approval #:03278D
    Transaction #:507
    AID:A0000000031010      Chip
    AL:VISA CREDIT
    PIN:Not Required
```

```
***********************************
   Due to limited transportation
    availability as a result of
    nationwide COVID-19 impacts
    package delivery times may be
    extended. Priority Mail Express®
    service will not change.
***********************************

Includes up to $50 insurance

Text your tracking number to 28777
(2USPS) to get the latest status.
Standard Message and Data rates may
apply. You may also visit www.usps.com
USPS Tracking or call 1-800-222-1811.

In a hurry? Self-service kiosks offer
quick and easy check-out. Any Retail
Associate can show you how.

Save this receipt as evidence of
insurance. For information on filing
an insurance claim go to
https://www.usps.com/help/claims.htm

    Preview your Mail
    Track your Packages
    Sign up for FREE @
    www.informeddelivery.com

All sales final on stamps and postage.
Refunds for guaranteed services only.
    Thank you for your business.

    HELP US SERVE YOU BETTER

    TELL US ABOUT YOUR RECENT
        POSTAL EXPERIENCE
```

**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at www.usps.com®.

Washington, DC 20005

| | |
|---|---|
| Certified Mail Fee | $3.55 |
| Extra Services & Fees (check box, add fee as appropriate) | |
| ☐ Return Receipt (hardcopy) | $0.00 |
| ☐ Return Receipt (electronic) | $0.00 |
| ☐ Certified Mail Restricted Delivery | $0.00 |
| ☐ Adult Signature Required | $0.00 |
| ☐ Adult Signature Restricted Delivery | $ |
| Postage | $7.75 |
| Total Postage and Fees | $14.15 |

$2.85

Postmark Here  SEP 2020

09/08/2020

Sent To  Honoring American Law Enforcement PAC
Street and Apt. No., or PO Box No. CT Corporation System   1015 15TH St NW, Suite 1000
City, State, ZIP+4® Washington DC 20005

PS Form 3800, April 2015 PSN 7530-02-000-9047   See Reverse for Instructions

7020 1810 0001 1106 1388

**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:
Honoring American Law Enforcement PAC
CT Corporation System
1015 15TH St NW Suite 1000
Washington DC 20005

9590 9402 6085 0125 9613 31

2. Article Number (Transfer from service label)
7020 1810 0001 1106 1388

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____  ☐ Agent
                  ☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
   If YES, enter delivery address below: ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☒ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Mail
☐ Mail Restricted Delivery (over $500)
☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053   Domestic Return

Case Number: WC-2020-0360
Filed in Washington County Superior Court
Submitted: 10/8/2020 6:25 PM
Envelope: 2785421
Reviewer: Christine F.
Case 1:20-CV-00438-WES-PAS   Document 5   Filed 10/13/20   Page 12 of 66 PageID #: 72

**STATE OF RHODE ISLAND**                  **SUPERIOR COURT**
**WASHINGTON COUNTY**

**CHRISTOPHER LACCINOLE**                  **C.A. No. WC-2020-00360**
*Plaintiff*

**Vs.**

**Honoring American Law Enforcement PAC**
**&**
**DOES 1-10, inclusive**
*Defendants*

### PLAINTIFF'S REQUEST FOR ENTRY OF DEFAULT

Now comes the Plaintiff, Christopher Laccinole, in the above entitled matter and

requests that the Clerk enter DEFAULT upon Defendant Honoring American Law

Enforcement PAC pursuant to Super.R.Civ.P. 55(a).   Plaintiff attaches an affidavit in

support of his request for entry of default.

Plaintiff attaches an Entry of Default to this Request.

**WHEREFORE,** the Plaintiff requests that the Clerk enter DEFAULT upon

Defendant Honoring American Law Enforcement PAC.


The Plaintiff,
Christopher Laccinole


*/s/ Christopher M. Laccinole*
Christopher M. Laccinole
23 Othmar St.
Narragansett, RI 02882
chrislaccinole@gmail.com


1

STATE OF RHODE ISLAND AND  PROVIDENCE PLANTATIONS

# SUPERIOR COURT

## SUMMONS

| | |
|---|---|
| | **Civil Action File Number**<br>WC-2020-0360 |
| **Plaintiff**<br>Christopher Laccinole<br>v.<br>Honoring American Law Enforcement PAC<br>**Defendant** | **Attorney for the Plaintiff or the Plaintiff**<br>Christopher Laccinole |
| | **Address of the Plaintiff's Attorney or the Plaintiff**<br>23 Othmar St<br>Narragansett RI  02882 |
| McGrath Judicial Complex<br>Washington County<br>4800 Tower Hill Road<br>Wakefield RI  02879<br>(401) 782-4121 | **Address of the Defendant**<br>CT Corporation System<br>1015 4 15th St NW Suite 1000<br>Washington DC  20005 |

**TO THE DEFENDANT, Honoring American Law Enforcement Pac:**

The above-named Plaintiff has brought an action against you in said Superior Court in the county indicated above. You are hereby summoned and required to serve upon the Plaintiff's attorney, whose address is listed above, an answer to the complaint which is herewith served upon you within twenty (20) days after service of this Summons upon you, exclusive of the day of service.

If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.  Your answer must also be filed with the court.

As provided in Rule 13(a) of the Superior Court Rules of Civil Procedure, unless the relief demanded in the complaint is for damage arising out of your ownership, maintenance, operation, or control of a motor vehicle, or unless otherwise provided in Rule 13(a), your answer must state as a counterclaim any related claim which you may have against the Plaintiff, or you will thereafter be barred from making such claim in any other action.

| | |
|---|---|
| This Summons was generated on 9/8/2020. | /s/ Danielle Keegan<br>Clerk |

Witness the seal/watermark of the Superior Court

SC-CMS-1 (revised July 2014)



STATE OF RHODE ISLAND AND                                    PROVIDENCE PLANTATIONS

## SUPERIOR COURT

| **Plaintiff**<br>Christopher Laccinole<br>v.<br>Honoring American Law Enforcement PAC<br>**Defendant** | **Civil Action File Number**<br>WC-2020-0360 |
|---|---|

**PROOF OF SERVICE**

I hereby certify that on the date below I served a copy of this Summons, complaint, Language Assistance Notice, and all other required documents received herewith upon the Defendant, Honoring American Law Enforcement PAC, by delivering or leaving said papers in the following manner:

☐ With the Defendant personally.

☐ At the Defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.
    Name of person of suitable age and discretion _____
    Address of dwelling house or usual place of abode _____
    _____
    Age _____
    Relationship to the Defendant

☐ With an agent authorized by appointment or by law to receive service of process.
    Name of authorized agent _____
    If the agent is one designated by statute to receive service, further notice as required by statute was given as noted below.
    _____

☐ With a guardian or conservator of the Defendant.
    Name of person and designation _____

☐ By delivering said papers to the attorney general or an assistant attorney general if serving the state.

☐ Upon a public corporation, body, or authority by delivering said papers to any officer, director, or manager.
    Name of person and designation _____

Page 1 of 2

SC-CMS-1 (revised July 2014)



STATE OF RHODE ISLAND AND                    PROVIDENCE PLANTATIONS

## SUPERIOR COURT

Upon a private corporation, domestic or foreign:
☐ By delivering said papers to an officer or a managing or general agent.
   Name  of person and designation _____
☐ By leaving said papers at the office of the corporation with a person employed therein.
   Name  of person and designation _____
☐ By delivering said papers to an agent authorized by appointment or by law to receive service of process.
   Name of authorized agent _____
   If the agent is one designated by statute to receive service, further notice as required by statute was given
   as noted below.
   _____

☐ I was unable to make service after the following reasonable attempts: _____
   _____

| SERVICE DATE: _____/_____/_____ | SERVICE FEE $ _____ |
| Month      Day       Year | |

Signature of SHERIFF or DEPUTY SHERIFF or CONSTABLE

SIGNATURE OF PERSON OTHER THAN A SHERIFF or DEPUTY SHERIFF or CONSTABLE MUST BE NOTARIZED.

_____
 Signature

State of _____
County of _____

    On this _____ day of _____, 20_____, before me, the undersigned notary public, personally appeared _____ ☐ personally known to the notary or ☐ proved to the notary through satisfactory evidence of identification, which was _____, to be the person who signed above in my presence, and who swore or affirmed to the notary that the contents of the document are truthful to the best of his or her knowledge.

                    Notary Public: _____
                    My commission expires: _____
                    Notary identification number: _____

Page 2 of 2

SC-CMS-1 (revised July 2014)

STATE OF RHODE ISLAND AND  PROVIDENCE PLANTATIONS

## SUPERIOR COURT

### SUMMONS

| | |
|---|---|
| | **Civil Action File Number**<br>WC-2020-0360 |
| **Plaintiff**<br>Christopher Laccinole<br>v.<br>Honoring American Law Enforcement PAC<br>**Defendant** | **Attorney for the Plaintiff or the Plaintiff**<br>Christopher Laccinole |
| | **Address of the Plaintiff's Attorney or the Plaintiff**<br>23 Othmar St<br>Narragansett RI  02882 |
| McGrath Judicial Complex<br>Washington County<br>4800 Tower Hill Road<br>Wakefield RI  02879<br>(401) 782-4121 | **Address of the Defendant**<br>CT Corporation System<br>1015 4 15th St NW Suite 1000<br>Washington DC  20005 |

**TO THE DEFENDANT, Honoring American Law Enforcement Pac:**

The above-named Plaintiff has brought an action against you in said Superior Court in the county indicated above. You are hereby summoned and required to serve upon the Plaintiff's attorney, whose address is listed above, an answer to the complaint which is herewith served upon you within twenty (20) days after service of this Summons upon you, exclusive of the day of service.

If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.  Your answer must also be filed with the court.

As provided in Rule 13(a) of the Superior Court Rules of Civil Procedure, unless the relief demanded in the complaint is for damage arising out of your ownership, maintenance, operation, or control of a motor vehicle, or unless otherwise provided in Rule 13(a), your answer must state as a counterclaim any related claim which you may have against the Plaintiff, or you will thereafter be barred from making such claim in any other action.

| | |
|---|---|
| This Summons was generated on 9/8/2020. | /s/ Danielle Keegan<br>Clerk |

Witness the seal/watermark of the Superior Court

SC-CMS-1 (revised July 2014)



STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS

## SUPERIOR COURT

| **Plaintiff**<br>Christopher Laccinole<br> v.<br>Honoring American Law Enforcement PAC<br>**Defendant** | **Civil Action File Number**<br>WC-2020-0360 |
| --- | --- |

### PROOF OF SERVICE

    I hereby certify that on the date below I served a copy of this Summons, complaint, Language Assistance Notice, and all other required documents received herewith upon the Defendant, Honoring American Law Enforcement PAC, by delivering or leaving said papers in the following manner:

☐ With the Defendant personally.

☐ At the Defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.
Name of person of suitable age and discretion _____
Address of dwelling house or usual place of abode _____
_____
Age _____
Relationship to the Defendant

☐ With an agent authorized by appointment or by law to receive service of process.
Name of authorized agent _____
If the agent is one designated by statute to receive service, further notice as required by statute was given as noted below.

_____

☐ With a guardian or conservator of the Defendant.
Name  of person and designation _____

☐ By delivering said papers to the attorney general or an assistant attorney general if serving the state.

☐ Upon a public corporation, body, or authority by delivering said papers to any officer, director, or manager.
Name  of person and designation _____

Page 1 of 2

SC-CMS-1 (revised July 2014)

STATE OF RHODE ISLAND AND  PROVIDENCE PLANTATIONS

## SUPERIOR COURT

Upon a private corporation, domestic or foreign:
☐ By delivering said papers to an officer or a managing or general agent.
   Name  of person and designation _____
☐ By leaving said papers at the office of the corporation with a person employed therein.
   Name  of person and designation _____
☐ By delivering said papers to an agent authorized by appointment or by law to receive service of process.
   Name of authorized agent _____
   If the agent is one designated by statute to receive service, further notice as required by statute was given
   as noted below.
   _____

☐ I was unable to make service after the following reasonable attempts: _____
_____

| SERVICE DATE: _____/_____/_____ <br> Month    Day      Year | SERVICE FEE $_____ |
|---|---|

Signature of SHERIFF or DEPUTY SHERIFF or CONSTABLE

SIGNATURE OF PERSON OTHER THAN A SHERIFF or DEPUTY SHERIFF or CONSTABLE MUST BE
NOTARIZED.

_____
 Signature

State of _____
County of _____

   On this _____ day of _____, 20____, before me, the undersigned notary public, personally
appeared _____ ☐ personally known to the notary
or  ☐  proved  to  the  notary  through  satisfactory  evidence  of  identification,  which  was
_____, to be the person who signed above in my presence,
and who swore or affirmed to the notary that the contents of the document are truthful to the best of his or her
knowledge.

Notary Public: _____
My commission expires: _____
Notary identification number: _____

Page 2 of 2

SC-CMS-1 (revised July 2014)

STATE OF RHODE ISLAND AND  PROVIDENCE PLANTATIONS

# SUPERIOR COURT

## SUMMONS

| | |
|---|---|
| | **Civil Action File Number**<br>WC-2020-0360 |
| **Plaintiff**<br>Christopher Laccinole<br>v.<br>Honoring American Law Enforcement PAC<br>**Defendant** | **Attorney for the Plaintiff or the Plaintiff**<br>Christopher Laccinole |
| | **Address of the Plaintiff's Attorney or the Plaintiff**<br>23 Othmar St<br>Narragansett RI  02882 |
| McGrath Judicial Complex<br>Washington County<br>4800 Tower Hill Road<br>Wakefield RI  02879<br>(401) 782-4121 | **Address of the Defendant**<br>CT Corporation System<br>1015 4 15th St NW Suite 1000<br>Washington DC  20005 |

**TO THE DEFENDANT, Honoring American Law Enforcement Pac:**

   The above-named Plaintiff has brought an action against you in said Superior Court in the county indicated above. You are hereby summoned and required to serve upon the Plaintiff's attorney, whose address is listed above, an answer to the complaint which is herewith served upon you within twenty (20) days after service of this Summons upon you, exclusive of the day of service.

   If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.  Your answer must also be filed with the court.

   As provided in Rule 13(a) of the Superior Court Rules of Civil Procedure, unless the relief demanded in the complaint is for damage arising out of your ownership, maintenance, operation, or control of a motor vehicle, or unless otherwise provided in Rule 13(a), your answer must state as a counterclaim any related claim which you may have against the Plaintiff, or you will thereafter be barred from making such claim in any other action.

| | |
|---|---|
| This Summons was generated on 9/8/2020. | /s/ Danielle Keegan<br>Clerk |

Witness the seal/watermark of the Superior Court

SC-CMS-1 (revised July 2014)



STATE OF RHODE ISLAND AND      PROVIDENCE PLANTATIONS

# SUPERIOR COURT

| **Plaintiff**<br>Christopher Laccinole<br> v.<br>Honoring American Law Enforcement PAC<br>**Defendant** | **Civil Action File Number**<br>WC-2020-0360 |
|---|---|

## PROOF OF SERVICE

    I hereby certify that on the date below I served a copy of this Summons, complaint, Language Assistance Notice, and all other required documents received herewith upon the Defendant, Honoring American Law Enforcement PAC, by delivering or leaving said papers in the following manner:

☐ With the Defendant personally.

☐ At the Defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.
    Name of person of suitable age and discretion _____
    Address of dwelling house or usual place of abode _____
    _____
    Age _____
    Relationship to the Defendant

☐ With an agent authorized by appointment or by law to receive service of process.
    Name of authorized agent _____
    If the agent is one designated by statute to receive service, further notice as required by statute was given as noted below.

    _____

☐ With a guardian or conservator of the Defendant.
    Name of person and designation _____

☐ By delivering said papers to the attorney general or an assistant attorney general if serving the state.

☐ Upon a public corporation, body, or authority by delivering said papers to any officer, director, or manager.
    Name of person and designation _____

Page 1 of 2

SC-CMS-1 (revised July 2014)

STATE OF RHODE ISLAND AND  PROVIDENCE PLANTATIONS

## SUPERIOR COURT

Upon a private corporation, domestic or foreign:
☐ By delivering said papers to an officer or a managing or general agent.
   Name  of person and designation _____
☐ By leaving said papers at the office of the corporation with a person employed therein.
   Name  of person and designation _____
☐ By delivering said papers to an agent authorized by appointment or by law to receive service of process.
   Name of authorized agent _____
   If the agent is one designated by statute to receive service, further notice as required by statute was given as noted below.
   _____

☐ I was unable to make service after the following reasonable attempts: _____
   _____

| SERVICE DATE: _____/_____/_____ | SERVICE FEE $_____ |
| Month    Day    Year | |

Signature of SHERIFF or DEPUTY SHERIFF or CONSTABLE


SIGNATURE OF PERSON OTHER THAN A SHERIFF or DEPUTY SHERIFF or CONSTABLE MUST BE NOTARIZED.


_____
 Signature

State of _____
County of _____

   On this _____ day of _____, 20____, before me, the undersigned notary public, personally appeared _____ ☐ personally known to the notary or  ☐  proved  to  the  notary  through  satisfactory  evidence  of  identification,  which  was _____, to be the person who signed above in my presence, and who swore or affirmed to the notary that the contents of the document are truthful to the best of his or her knowledge.

Notary Public: _____
My commission expires: _____
Notary identification number: _____

Page 2 of 2

SC-CMS-1 (revised July 2014)

Case Number: WC-2020-0360
Filed in Washington County Superior Court
Submitted: 2020-CV-00438-WES-PAS   Document 5   Filed 10/13/20   Page 22 of 66 PageID #: 82
Image: 202004059216621306
Envelope: 2735080
Reviewer: Brittany M.

# STATEMENT OF ORGANIZATION

**FEC FORM 1**

Office Use Only

1. NAME OF COMMITTEE (in full)   ☐ (Check if name is changed)   Example: If typing, type over the lines.

`12FE4M5`

## Honoring American Law Enforcement PAC (AKA HALE PAC)

ADDRESS (number and street)   1300 Pennsylvania Ave. NW 190 730

☐ ◄ (Check if address is changed)

Washington                               DC        20004        –
CITY ▲                                   STATE ▲   ZIP CODE ▲

COMMITTEE'S E-MAIL ADDRESS

☐ ◄ (Check if address is changed)   info@HALESUPERPAC.org

Optional Second E-Mail Address

COMMITTEE'S WEB PAGE ADDRESS (URL)

☐ ◄ (Check if address is changed)

2. DATE   M M 10 / D D 24 / Y Y Y Y 2019

3. FEC IDENTIFICATION NUMBER ▶   C C00710178

4. IS THIS STATEMENT   ☐ NEW (N)   **OR**   ☒ AMENDED (A)

I certify that I have examined this Statement and to the best of my knowledge and belief it is true, correct and complete.

Type or Print Name of Treasurer   Hugh, Cameron, , ,

Signature of Treasurer   *Hugh, Cameron, , ,*   *[Electronically Filed]*   Date   M M 04 / D D 09 / Y Y Y Y 2020

NOTE: Submission of false, erroneous, or incomplete information may subject the person signing this Statement to the penalties of 2 U.S.C. §437g.
ANY CHANGE IN INFORMATION SHOULD BE REPORTED WITHIN 10 DAYS.

Office Use Only

**For further information contact:**
Federal Election Commission
Toll Free 800-424-9530
Local 202-694-1100

**FEC FORM 1**
(Revised 06/2012)

Case Number: WC-2020-0360
Filed in Washington County Superior Court
Submitted: 9/16/2020 3:03 PM
Envelope: 2736080
Reviewer: Brittany M.

FEC **Form 1** (Revised 02/2009)                                                                Page **2**

5.   TYPE OF COMMITTEE

**Candidate Committee:**

(a)   [ ]   This committee is a principal campaign committee. (Complete the candidate information below.)

(b)   [ ]   This committee is an authorized committee, and is NOT a principal campaign committee. (Complete the candidate information below.)

Name of Candidate [                                                                      ]

Candidate Party Affiliation [      ]       Office Sought:   [ ] House   [ ] Senate   [ ] President       State [   ]

District [   ]

(c)   [ ]   This committee supports/opposes only one candidate, and is NOT an authorized committee.

Name of Candidate [                                                                      ]

**Party Committee:**

(d)   [ ]   This committee is a [      ] (National, State or subordinate) committee of the [      ] (Democratic, Republican, etc.) Party.

**Political Action Committee (PAC):**

(e)   [ ]   This committee is a separate segregated fund. (Identify connected organization on line 6.) Its connected organization is a:

[ ] Corporation          [ ] Corporation w/o Capital Stock          [ ] Labor Organization

[ ] Membership Organization          [ ] Trade Association          [ ] Cooperative

[ ] In addition, this committee is a Lobbyist/Registrant PAC.

(f)   [x]   This committee supports/opposes more than one Federal candidate, and is NOT a separate segregated fund or party committee. (i.e., nonconnected committee)

[ ] In addition, this committee is a Lobbyist/Registrant PAC.

[ ] In addition, this committee is a Leadership PAC. (Identify sponsor on line 6.)

**Joint Fundraising Representative:**

(g)   [ ]   This committee collects contributions, pays fundraising expenses and disburses net proceeds for two or more political committees/organizations, at least one of which is an authorized committee of a federal candidate.

(h)   [ ]   This committee collects contributions, pays fundraising expenses and disburses net proceeds for two or more political committees/organizations, none of which is an authorized committee of a federal candidate.

Committees Participating in Joint Fundraiser

1.   [                                        ]   FEC ID number   C [                    ]

2.   [                                        ]   FEC ID number   C [                    ]

3.   [                                        ]   FEC ID number   C [                    ]

4.   [                                        ]   FEC ID number   C [                    ]

Case Number: WC-2020-0360
Filed in Washington County Superior Court
Submitted: 9/16/2020 4:09:21 PM
Envelope: 2736080
Reviewer: Brittany M.

CSSUP-2020-CR-1438-WES-PAS   Document 5   Filed 10/13/20   Page 24 of 66 PageID #: 84

FEC **Form 1** (Revised 02/2009)                                                                                                    Page **3**

Write or Type Committee Name

# Honoring American Law Enforcement PAC (AKA HALE PAC)

6.   **Name of Any Connected Organization, Affiliated Committee, Joint Fundraising Representative, or Leadership PAC Sponsor**

NONE

Mailing Address

CITY                                       STATE              ZIP CODE

Relationship:  ☐ Connected Organization  ☐ Affiliated Committee  ☐ Joint Fundraising Representative  ☐ Leadership PAC Sponsor

---

7.   **Custodian of Records:** Identify by name, address (phone number -- optional) and position of the person in possession of committee books and records.

Full Name           Hugh, Cameron, , ,

Mailing Address     1300 Pennsylvania Ave NW 190 730

                    Washington                                DC       20004

Title or Position                    CITY                      STATE          ZIP CODE

Treasurer                                       Telephone number

---

8.   **Treasurer:** List the name and address (phone number -- optional) of the treasurer of the committee; and the name and address of any designated agent (e.g., assistant treasurer).

Full Name           Hugh, Cameron, , ,
of Treasurer

Mailing Address     1300 Pennsylvania Ave NW 190 730

                    Washington                                DC       20004

                                     CITY                      STATE          ZIP CODE

Title or Position
Treasurer                                       Telephone number

Case Number: WC-2020-0360
Filed in Washington County Superior Court
Submitted: 9/7/2020 2:35 PM
Envelope: 2736080
Reviewer: Brittany M.

FEC **Form 1** (Revised 0 2/2009)                                           Page **4**

Full Name of
Designated
Agent

Mailing Address

|  | CITY | STATE | ZIP CODE |

Title or Position

Telephone number

---

9.  **Banks or Other Depositories:** List all banks or other depositories in which the committee deposits funds, holds accounts, rents safety deposit boxes or maintains funds.

Name of Bank, Depository, etc.

## The Bank of Labor

Mailing Address   756 Minnesota Ave.

|  | CITY | STATE | ZIP CODE |
| Kansas City | | KS | 66101 |

Name of Bank, Depository, etc.

## PNC BANK

Mailing Address   1549 Ringling Blvd.

|  | CITY | STATE | ZIP CODE |
| Sarasota | | FL | 34236 |

# Honoring American Law Enforcement PAC - Initial File Number: N00006324742

📛 corponline.dcra.dc.gov/BizEntity.aspx/ViewEntityData

## Entity Info

Business NameHonoring American Law Enforcement PAC Suffix Registration / Effective Date6/26/2019 Commencement Date6/25/2019 Entity StatusActive

Foreign Name Date of Organization State Country

## Business Address

Line1 1300 Pennsylvania Ave. NW 190 730 Line2

City Washington    State District of Columbia    Zip 20004

## Agent

Is non-commercial Registered Agent?No NameC T CORPORATION SYSTEM

Address

Line1 1015 15th St NW Line2 Suite 1000

City Washington    State District of Columbia    Zip 20005

EmailCT-StateCommunications@wolterskluwer.com

Case Number: WC-2020-0360
Filed in Washington County Superior Court
Submitted: 9/7/2020 7:39 PM
Envelope: 2736080
Reviewer: Brittany M.

1:20-CV-00438-WES-PAS   Document 5   Filed 10/13/20   Page 27 of 66 PageID #: 87

# Honoring American Law Enforcement PAC - Initial File Number: N00006324742

 corponline.dcra.dc.gov/BizEntity.aspx/ViewEntityData

- Main
- Reports
- Trade Names
- Beneficial Owners

## Report List

| Report Year | Date Filed | File Number |
|---|---|---|
| 2020 | 3/17/2020 | 000006542766 |

Case Number: WC-2020-0360
Filed in Washington County Superior Court
Submitted: 9/7/2020 7:39 PM
Envelope: 2736080
Reviewer: Brittany M.

# Honoring American Law Enforcement PAC - Initial File Number: N00006324742

**corponline.dcra.dc.gov**/BizEntity.aspx/ViewEntityData

- Main
- Reports
- Trade Names
- Beneficial Owners

## Trade Name Listing

| Trade Name | Registration Date | Trade Name Status | Trade Name Expiration Date |
|---|---|---|---|

No Trade Names were found.

  

Case Number: WC-2020-0360
Filed in Washington County Superior Court
Submitted: 9/7/2020 6:39 PM
Envelope: 2736080
Reviewer: Brittany M.

20-CV-00438-WES-PAS    Document 5    Filed 10/13/20    Page 29 of 66 PageID #: 89

# Honoring American Law Enforcement PAC - Initial File Number: N00006324742

🏛 corponline.dcra.dc.gov/BizEntity.aspx/ViewEntityData

## Beneficial Owners

| Business Contact Type | Name | Address | Executing Officer | File Number |
|---|---|---|---|---|
| Director | Slocumb, Dennis | 1300 Pennsylvania Ave. NW 190 730 Washington, DC 20004 | Is Executing Officer?: No | N00006324742 |
| Director | Crivello, Michael | 1300 Pennsylvania Ave. NW 190 730 Washington, DC 20004 | Is Executing Officer?: No | N00006324742 |
| Director | Stitt, Robert | 1300 Pennsylvania Ave. NW 190 730 Washington, DC 20004 | Is Executing Officer?: No | N00006324742 |
| Governor | Slocumb, Dennis | 1300 Pennsylvania Ave. NW 190 730 Washington, DC 20004 | Is Executing Officer?: Yes Executing Officer Type: ExecutingOfficer | 000006542766 |

  

Case Number: WC-2020-0360
Filed in Washington County Superior Court
Submitted: 9/7/2020 7:39 PM
Envelope: 2736080
Reviewer: Brittany M.

20-CV-00438-WES-PAS   Document 5   Filed 10/13/20   Page 30 of 66 PageID #: 90

**PAC**

**POLICE & SHERIFF SUPPORT ALLIANCE**

Dear Chris Laccinole,                                             Confirmation No:    90 60-71223

*Thank you for your 8/28/20 pledge of $50.00!*

Police and Sheriff Support Alliance (PSSA) is a special program of Honoring American Law Enforcement PAC and is a bipartisan, federally registered "Super Pac", committed to helping elect leaders who support legislation that will ensure law enforcement is best positioned to provide the highest degree of uninterrupted public safety service to America's communities. PSSA's resources will support those who emphasize laws emphasize laws that secure our country and local communities through employment of proven and accepted law enforcement tactics and techniques; PSSA will push for leader who understand the importance of, and encourage interagency cooperation. PSSA's objective is to specifically identify and support the elections of political candidates who are focused on a saferAmerica through honoring the capabilities of American Law Enforcement Officers.

In this day and age, the safety of our citizens is more at risk than ever as is the safety of those who serve and protect them. It is imperative to support a legislative agenda of change to ensure that officers have the equipment and resources they need to effectively protect America's communities; most importantly we must have politicians who readily support the Law Enforcement Officer that ultimately will be expected to enforce the law.

Law Enforcement Officers are the front lines of defense to protect America's communities. They risk their lives daily to make sure all are safe. PSSA Super PAC is dedicated to the important purpose of promoting the interests and safety of Law Enforcement Officers and our communities, by properly influencing elections of our nation's political leaders – to ensure those who legislate [create the laws] share the goals, and further the cause of keeping America Safe!

Donations to PSSA Super PAC will be used to promote leaders with legislative goals that:

•   Guarantees borders are protected through definable barriers, technology and proper manpower; "Build the Wall" prevents the protection of illegal aliens through sanctuary status; "No Sanctuary Cities/Counties/State"
•   Ensures Law Enforcement is best positioned to provide the highest degree of uninterrupted public safety service to America's communities; "Stop the Anti-Police movement"
•   Emphasize and promulgate the creation, or utilization of existing laws that secure our country and local communities through employment of proven and accepted law enforcement tactics and techniques; "Support the election of politicians who believe in the Rule-of-Law"

For any questions pertaining to this invoice, please call 888-717-0466.

Sincerely,
Hugh Cameron
Treasurer

PSSA-901-4

------------------------------------------------------------------------------------------------
PLEASE DETACH AND RETURN PLEDGE FORM BELOW, ALONG WITH YOUR CONTRIBUTION IN THE ENVELOPE PROVIDED.



**Police & Sheriff's Support Alliance**
PO BOX 26097
MILWAUKEE  WI  53226-0097

Confirmation No:    **90 60-71223**
Pledge Date:   8/28/20          DHA
Please Remit by:   9/7/20
Pledge Amt:   $50.00

Thank you.... Per phone conversation with:  CHRIS
774-254-3366

C

**Sponsor Confirmation**

CHRIS LACCINOLE
23 OTHMAR ST
NARRAGANSETT   RI   02882-3321

**Remit to:**

**Police & Sheriff's Support Alliance**
PO BOX 26097
MILWAUKEE  WI  53226-0097

9012050712 2300050009

Case Number: WC-2020-0360
Filed in Washington County Superior Court
Submitted: 9/7/2020 7:33 PM
Envelope: 2736080
Reviewer: Brittany M.

American Law Enforcement and not authorized by any candidate or candidate's committee.

Police & Sheriff's Support Alliance (PSSA) is a special program of Honoring American Law Enforcement PAC and is a bipartisan political committee; it is a national program not affiliated with any local law enforcement agency. PSSA has been formed to help elect strong leaders who understand the importance of legislation that will ensure law enforcement is best positioned to provide the highest degree of uninterrupted public safety service to America's communities. PSSA's resources will support those who emphasize laws that secure our country and local communities through employment of proven and accepted law enforcement tactics and techniques; PSSA will push for leaders who understand the importance of, and encourage, interagency cooperation. Your gift is very much appreciated.

Contributions to PSSA are not tax deductible as charitable contributions under tax law. A copy of our latest financial report may be obtained by writing to our National Headquarters at: Honoring American Law Enforcement, 1300 Pennsylvania Avenue NW 190 170, Washington, DC 20004.

When you provide a check as payment, you authorize us to either deposit the check as a check transaction or use information on your check to make a one-time electronic debit from your account.

Thank you again for your support.
For further information visit our website at http://www.policeandsheriffpac.org

TO ENSURE PROPER CREDIT FOR YOUR PLEDGE, PLEASE BE SURE TO RETURN
THE LOWER PORTION OF THIS STATEMENT WITH YOUR PAYMENT

Contributions are not deductible as charitable contributions for federal income tax purposes. Federal Law prohibits contributions from corporations or foreign nations. Federal law requires us to use our best efforts to collect and report the name, mailing address, occupation and name of employer of individuals whose contributions exceed $200 in a calendar year.

Occupation: _____

Employer: _____



PRESORTED
FIRST-CLASS

US POSTAGE
$00.41⁹
AUG 31 2020
ZIP 63000
0801 10532891

Received
Sep 4, 2020

Case Number: WC-2020-0360
Filed in Washington County Superior Court
Submitted: 9/7/2020 7:39 PM
Envelope: 2736080
Reviewer: Brittany M.

1:20-CV-00438-WES-PAS   Document 5   Filed 10/13/20   Page 33 of 66 PageID #: 93

# The scourge of scam PACs

**W** theweek.com/articles/896986/scourge-scam-pacs

February 23, 2020



## What are 'scam PACs'?

They are political action committees that claim to raise money for a candidate or good cause but spend little or none of the donated funds for those purposes. People running scam PACs either pocket the money outright in the form of salaries and perks or, more subtly, funnel the donations to a network of companies (consultants, marketers, fundraisers) in which the PAC's managers have a stake. These phony PACs have noble-sounding names like Coalition for American Veterans or For a Better America, and pretend to support good causes like firefighters, veterans, and disease victims. Some claim to support political candidates such as President Trump ("Trump Victory") or Sen. Bernie Sanders. Typically, however, 80 to 90 percent of the money raised is spent on "overhead," and in egregious cases as much as 99 percent. "The money primarily goes to the people who are running the PAC," said Brett Kappel, campaign finance specialist at Akerman LLP.

Advertisement

## Why do they get away with it?

Charities are policed by state authorities, but scam PACs are not covered by these laws and regulations. They register as political organizations, and thus enjoy considerable legal protection for their activities. In fact, said Adav Noti, a former Federal Election Commission lawyer, federal and state authorities have largely said they can't prosecute scam PACs that don't conceal where the money went or engage in other outright lies. PAC operators can always claim it "costs money to raise money," Noti said. "It's hard to bring cases unless you have evidence disproving that." That gives scam PACs a relatively free

1/3

Case Number: WC-2020-0360
Filed in Washington County Superior Court
Submitted: 9/7/2020 6:39 PM
Envelope: 2736080
Reviewer: Brittany M.

20-CV-00438-WES-PAS   Document 5   Filed 10/13/20   Page 34 of 66 PageID #: 94

hand. "I had breast cancer, so they knew how to get me," said JoAnn Coleman, 63, a donor to a PAC called Americans for the Cure of Breast Cancer, which took in $1.6 million in donations over two and a half years and made exactly one $10,000 contribution for research over that period. "What a racket," said Coleman.

## How do they operate?

Most scam PACs hire telemarketing firms to contact would-be donors; these telemarketers often target retirees for the scripted calls. A recent *Reuters* investigation found that the fundraisers often operate out of nondescript strip mall offices in states like New Jersey, Alabama, Florida, and Nevada. These telemarketing firms often operate under multiple names, shut down, and then reemerge under new names. Alexander Lefler, who worked for one such firm, called TPFE Inc., in Alabama, said he'd been instructed to pitch whatever cause he was hawking "like it was a charity, but as quietly and quickly as you can, slip in that it was a PAC." Jason Jones, who made calls for a firm called Politicause, said, "You are not lying, but you are being extremely misleading." In one instance, Jones told *Reuters*, a person he called asked how much of the money would actually go to the charity. "We are proud to say it's a 90-10 split," Jones remembers reading from a script; he neglected to explain that it was his company that would be keeping the 90 percent. "We wish it was 100," he told the potential donor, "but we have to keep the lights on."

## How many are there?

There are dozens of scam PACs popping in and out of existence, and they raise a lot of money. Kyle Prall of Austin was recently sentenced to three years in prison for raising $548,428 for several PACs, including "Feel Bern" and "Trump Victory," while donating a total of less than $5,100 to the candidates. He made the mistake of making explicit claims to donors about how the money would be used, while spending it instead on exotic vacations, lap dances, deep-tissue massage, and even a pet-cleaning fee. In December, *Politico* reported that almost 20 "unofficial" pro-Trump PACs had legally siphoned off $46.7 million in donations during the two and a half years from his inauguration to mid-2019. One, Great America PAC, paid almost $1 million to a public affairs firm registered to the PAC's co-chairman. "There's nothing we can do to stop them," said Kelly Sadler, a spokeswoman for America First, the one super PAC sanctioned by Trump. "This is a problem for the campaign, as well as us, as well as for the RNC."

Advertisement

## Who else has been targeted?

One California con man focused exclusively on Democrats and progressive causes, leveraging a network of PACs to purportedly raise more than $250,000 for Bernie Sanders, Beto O'Rourke, and "immigrant children." One now-convicted swindler, Cary Lee Peterson of Phoenix, raised $90,000 for his pro-Sanders PAC "Americans Socially United," including a $47,300 donation from James Bond actor Daniel Craig, but spent virtually nothing to help Sanders. Still, successful prosecutions remain rare. Last year, a U.S. district

Case Number: WC-2020-0360
Filed in Washington County Superior Court
Submitted: 9/7/2020 7:39 PM
Envelope: 2736080
Reviewer: Brittany M.

judge struck down FEC rules barring unauthorized PACs from using a candidate's name. FEC Chair Ellen Weintraub said the ruling would "lead to confusion in the political marketplace" and "a wide opening for scam PACs to exploit."

**The first federal prosecution**

The Justice Department is finally taking notice of scam PACs. Last year, U.S. Attorney Geoffrey S. Berman announced the department's first successful case against a "scam PAC" artist. William Tierney of Arizona pleaded guilty to conspiring to commit wire fraud after duping tens of thousands of donors into contributing more than $23 million to six PACs he founded, controlled, and operated. Less than 1 percent of the money raised ever made it to the causes he claimed to champion, including autism awareness, the pro-life movement, and law enforcement. Tierney, who admitted setting up shell companies and fake identities to conceal where the money went and falsely claiming how it was spent, was sentenced to two years in prison and ordered to pay $1.17 million in restitution. Brett Kappel, the Washington, D.C., campaign finance law expert, called it "a very significant" prosecution that "sends a powerful message that consumer protection laws apply to political fundraising." After Tierney's plea, Berman warned, "This is the first-ever federal prosecution of fraudulent scam PACs, but it won't be the last."

*This article was first published in the latest issue of* The Week *magazine. If you want to read more like it, try the magazine for a month* <u>here</u>.

3/3

Case Number: WC-2020-0360
Filed in Washington County Superior Court
Submitted: 9/7/2020 7:39 PM
Envelope: 2736080
Reviewer: Brittany M.

20-CV-00438-WES-PAS   Document 5   Filed 10/13/20   Page 36 of 66 PageID #: 96

| | |
|---|---|
| **STATE OF RHODE ISLAND** | **SUPERIOR COURT** |
| **WASHINGTON COUNTY** | |
| | |
| **CHRISTOPHER LACCINOLE** | **C.A. No.** |
| *Plaintiff* | |
| | |
| **Vs.** | **JURY TRIAL REQUESTED** |
| | |
| **Honoring American Law Enforcement PAC** | |
| **&** | |
| **DOES 1-10, inclusive** | |
| *Defendants* | |

## COMPLAINT

## I. INTRODUCTION

This is a civil action about a Political Action Committee ("PAC") that is running a scam operation to fleece consumers of money for an ostensibly noble cause, while the managers of the scam pocket the money for themselves. In order to obtain money, Defendants robocall consumers like Plaintiff using an artificial or prerecorded voice. Just a few months ago, media outlets reported that this scam is prolific and profitable:

> What are 'scam PACs'?
>
> They are political action committees that claim to raise money for a candidate or good cause but spend little or none of the donated funds for those purposes. People running scam PACs either pocket the money outright in the form of salaries and perks or, more subtly, funnel the donations to a network of companies (consultants, marketers, fundraisers) in which the PAC's managers have a stake.[1]

---

[1] See Exhibit A: The scourge of scam PACs; The Week, February 23, 2020. Available at: https://theweek.com/articles/896986/scourge-scam-pacs (Accessed September 5, 2020).

Case Number: WC-2020-0360
Filed in Washington County Superior Court
Submitted: 9/7/2020 7:39 PM
Envelope: 2736080
Reviewer: Brittany M.

20-CV-00438-WES-PAS   Document 5   Filed 10/13/20   Page 37 of 66 PageID #: 97

Defendants robodialed Plaintiff's cellular telephone repeatedly with prerecorded messages soliciting for their scam.

1.  The Plaintiff brings this action alleging the Defendants violated the Telephone Consumer Protection Act, 47 U.S.C. § 227 (hereinafter "TCPA"). The Plaintiff seeks statutory damages, injunctive relief, costs, and attorney's fees under the TCPA.

2.  The Plaintiff also alleges that Defendants' conduct while attempting to collect money constituted an unfair and/or deceptive practice in violation of the Rhode Island Deceptive Trade Practices Act, RIGL § 6-13.1 *et seq.* (hereinafter "DTPA"). The Plaintiff seeks statutory damages, actual damages, costs, attorney's fees, injunctive relief, and punitive damages for each Defendant under the DTPA.

3.  The Plaintiff also alleges that Defendants' conduct violated Plaintiff's right to privacy under RIGL § 9-1-28.1 *et seq.* The Plaintiff seeks actual damages, costs, attorney's fees, and injunctive relief under the statute.

4.  Plaintiff has no pre-existing business relationship with the Honoring American Law Enforcement APC (hereinafter "HALE") and never requested by an agreement or otherwise that he be contacted.

5.  Any violations by Defendants were knowing, willful, intentional, and Defendants did not maintain procedures reasonably adapted to avoid any such violation.

## II. JURISDICTION AND VENUE

6.  This Court has jurisdiction to hear the TCPA claims in this matter pursuant to 47 U.S.C. § 227(b)(3) and 47 U.S.C. § 227(c)(5).

7.  This Court has jurisdiction to hear RI DTPA claims pursuant to RIGL § 6-13.1-5.2.

8.  This Court has jurisdiction to hear the Uniform Declaratory Judgments Act claims

2

Case Number: WC-2020-0360
Filed in Washington County Superior Court
Submitted: 9/7/2020 9:39 PM
Envelope: 2736080
Reviewer: Brittany M.

pursuant to RIGL § 9-30-1.

9.   Venue in this County is proper pursuant to 47 U.S.C. § 227(b)(3) and 47 U.S.C. § 227(c)(5) because the Plaintiff is a resident of this County and the conduct complained of took place in this County.

### III.  PARTIES

10.   The Plaintiff is an adult resident, of the Town of Narragansett, County of Washington, State of Rhode Island, and is a "person" as the term is defined by 47 U.S.C. § 153(39).

11.   Plaintiff is a person as that term is defined or referenced by RIGL § 6-13.1-5.2, RIGL § 9-1-28.1.

12.   As a consumer, Plaintiff purchased a cellular telephone for personal and household use.

13.   In purchasing his cellular telephone and cellular telephone service, Plaintiff—as a natural person—became obligated or allegedly obligated to pay a debt to the cellular telephone service provider.

14.   Plaintiff's cellular telephone has a limited minutes plan, so that when HALE calls Plaintiff, it depletes the minutes on Plaintiff's plan.

15.   Upon information and belief, the Defendant, HALE is a political action committee formed in the District of Columbia.

16.   HALE is a "person" as the term is defined by 47 U.S.C. § 153(39).

17.   HALE is a person as that term is defined or referenced by RIGL § 6-13.1-5.2, and RIGL § 9-1-28.1.

18.   HALE may be served upon its Registered Agent CT Corporation System at 1015

3

Case Number: WC-2020-0360
Filed in Washington County Superior Court
Submitted: 9/7/2020 6:39 PM
Envelope: 2736080
Reviewer: Brittany M.

15th St NW, Suite 1000, Washington, DC 20005.

19.     Does 1-10 (the "Agents") are individual employees and/or agents employed by

        HALE and whose identities are currently unknown to the Plaintiff.  One or more of

        the Agents may be joined as parties once their identities are disclosed through

        discovery.

20.     HALE at all times acted by and through one or more of the Agents.

## IV.  FACTUAL ALLEGATIONS

21.     On August 28, 2020 at approximately 3:28 PM EST, Plaintiff received a call on his

        personal cellular telephone from the phone number (781) 332-4262.

22.     When Plaintiff answered, he immediately heard a man's voice talking.

23.     Plaintiff recognized the man's voice because he has received multiple calls with the

        same man's voice.

24.     The man was speaking from a script and used the same voice, intonation, and

        rhythm for each call.

25.     The man identified himself as "Al calling from the Police and Sheriff Support

        Alliance."

26.     The man asked Plaintiff to donate money to support the police using the following

        prerecorded message:

> *Hi, This is Al calling from the Police and Sheriff Support Alliance.  The reason we're giving you a call is to let you know there's a concerned effort underway.  We have so much outcry today to the public police.  Our mission is to ensure law enforcement can provide the highest degree of uninterrupted public safety service to our communities.  As a PAC, we support advanced training and techniques for officers, as well as death benefit fund for the officers we may lose in the line of duty.  If we were to send you a sponsor envelope, could the officers count on your support?  It's important that we support people who will see this happen.  There's a $35, a $50, and a $75 level.  Which is best for you?*

4

Case Number: WC-2020-0360
Filed in Washington County Superior Court
Submitted: 9/7/2020 7:59 PM
Envelope: 2736080
Reviewer: Brittany M.

Case 1:20-CV-00438-WES-PAS   Document 5   Filed 10/13/20   Page 40 of 66 PageID #: 100

27.  On August 31, 2020 at approximately 3:21 PM EST, Plaintiff received a call on his personal cellular telephone from the phone number (860) 406-7041.

28.  When Plaintiff answered, he immediately heard the same man's voice talking from before.

29.  Plaintiff recognized the man's voice because it was identical to the previous call.

30.  The man was speaking from the exact same script and used the same voice, intonation, and rhythm for each call.

31.  The same man again identified himself as "Al calling from the Police and Sheriff Support Alliance."

32.  The man asked Plaintiff to donate money to support the police using the same script as stated above.

33.  The calls from the "Police and Sheriff Support Alliance" used a prerecorded message to respond to an algorithm of consumer statements and responses.

34.  The messages did not clearly state the identity of the business, individual, or other entity that is responsible for initiating the call to Plaintiff.

35.  The messages did not clearly state the telephone number of such business, other entity, or individual.

36.  The calls from the "Police and Sheriff Support Alliance" did not provide an automated, interactive voice- and/or key press-activated opt-out mechanism for the called person to make a do-not-call request.

37.  During the prerecorded messages, Plaintiff researched the "Police and Sheriff Support Alliance" and could not find any registration for the organization.

38.  Plaintiff was interested in the group so he provided his address to the automated

5

Case Number: WC-2020-0360
Filed in Washington County Superior Court
Submitted: 9/7/2020 7:59 PM
Envelope: 2736080
Reviewer: Brittany M.

Case 1:20-cv-00438-WES-PAS   Document 5   Filed 10/13/20   Page 41 of 66 PageID #: 101

system so that he could learn more about the organization since the prerecorded

message did not provide the full name or phone number of the organization.

39.    On September 4, 2020, Plaintiff went to his mailbox and found an "invoice" from

the "Police & Sheriff Support Alliance."

40.    Plaintiff attaches a copy of the invoice and payment envelopes to this Complaint as

Exhibit B.

41.    In the invoice, the Police and Sheriff Support Alliance identifies itself as a "special

program of Honoring American Law Enforcement PAC."

42.    Upon information and belief, the money collected from the Police and Sheriff

Support Alliance is almost entirely used to personally enrich the fundraisers and the

management of HALE.

*DECEPTIVE NAMING OF ORGANIZATION*

43.    Defendants have erected a sophisticated organizational structure to evade discovery.

44.    When Defendants called Plaintiff, they use the moniker, "Police and Sheriff Support

Alliance."

45.    However, there is no corporation or organization registered with that name "Police

and Sheriff Support Alliance.

46.    Defendants do maintain a website at https://policeandsheriffpac.org/.

47.    On their website, they make no mention of any affiliation with "Honoring American

Law Enforcement PAC."

48.    This is deliberate—Defendants want to obscure their affiliations so as to avoid

discovery by consumers and regulatory authorities.

49.    Even though the Police and Sheriff Support Alliance identifies itself as a "PAC,"

Case Number: WC-2020-0360
Filed in Washington County Superior Court
Submitted: 9/7/2020 7:59 PM
Envelope: 2736080
Reviewer: Brittany M.

Case 1:20-CV-00438-WES-PAS    Document 5    Filed 10/13/20    Page 42 of 66 PageID #: 102

there is no registry of the Police and Sheriff Support Alliance as a Political Action

Committee with the Federal Election Commission or the Internal Revenue Service.

50.   This too is deliberate.  By not registering with the FEC or the IRS, Defendants may

conceal the fundraising efforts, and pocket every penny of the money without having

to report any of it.

51.   Adding to the deceit, Defendant HALE registered itself as an organization in the

District of Columbia where the general public cannot easily view public filing

information.

52.   Indeed, Plaintiff had to create a private registered account with the District of

Columbia Corporation Commission to even view HALE's filing.  See Exhibit C.

53.   Plaintiff notes that HALE did not register "Police & Sheriff Support Alliance" as a

trade name of HALE, even though it had the opportunity to do so.  See Exhibit C

page 2.

54.   Plaintiff further notes that HALE's most recent statement of organization with the

Federal Election Commission does not list "Police & Sheriff Support Alliance" as an

affiliated organization.  See Exhibit D, Page 3, Paragraph 6.

55.   Plaintiff notes that the stated address for HALE before the Federal Election

Commission is actually the address for a UPS store in metropolitan Washington DC:

1300 Pennsylvania Ave. NW 190 730, Washington, DC 20004

56.   Plaintiff does not have an account with HALE.

57.   Plaintiff has no pre-existing business relationship with HALE and never requested by

an agreement or otherwise that he be contacted on his personal cellular telephone.

58.   Plaintiff never provided his cellular telephone number to HALE and never provided

7

his consent to HALE to be contacted on his cellular telephone.

59. Plaintiff's phone number is part of the national Do Not Call registry.

60. Defendant employs an automated telephone dialing system ("ATDS") as defined in 47 U.S.C. § 227(a)(1).

61. Defendant used its ATDS to call Plaintiff on his cellular telephone.

62. The telephone number that Defendant used to contact Plaintiff was and is assigned to Plaintiff's cellular telephone service as specified in 47 U.S.C. § 227(b)(1)(A)(iii).

63. HALE's communications directly interfered with Plaintiff's right to peacefully enjoy phone service, and caused Plaintiff a significant amount of anxiety, frustration and annoyance.

64. HALE did not initiate any call to Plaintiff's cellular telephone number for an emergency purpose.

65. The robocall nature of HALE communication was abusive, and harassing to Plaintiff.

66. Plaintiff incurred actual damages as a result of Defendants' behavior.

67. Defendants initiated the telephone calls and messages for the purpose of encouraging Plaintiff to purchase or invest in the property, goods, or services for the "officers."

68. Upon information and belief, the "officers" do NOT refer to Law Enforcement Officers, but rather to the "officers" of HALE, *i.e.* HALE's messages encourage consumers to invest in the services that the 'corporate officers' of HALE provide. This would allow HALE officers to keep all the money from consumers to themselves.

8

Case Number: WC-2020-0360
Filed in Washington County Superior Court
Submitted: 9/7/2020 7:59 PM
Envelope: 2736080
Reviewer: Brittany M.

1:20-CV-00438-WES-PAS   Document 5   Filed 10/13/20   Page 44 of 66 PageID #: 104

69.   The robocall nature of HALE communications to Plaintiff invaded the privacy interests that the TCPA was intended to protect.

70.   The telephone calls to Plaintiff's cellular telephone number were not initiated by accident or mistake.

71.   Defendant did not have the required prior express consent from Plaintiff to place automated calls using an ATDS or an artificial or prerecorded voice to Plaintiff on his cellular telephone.

72.   Defendants do not maintain a written policy for maintaining a do-not-call list.

73.   Defendants have not informed and trained personnel engaged in making calls on the use of the do-not-call list.

74.   Defendants do not provide the called party with a telephone number or address at which the person or entity may be contacted.

75.   It is unfair for HALE to call Plaintiff and deplete the minutes in Plaintiff's cell phone plan when Plaintiff listed his number on the Do Not Call Registry.

76.   It is unfair for HALE to call Plaintiff and deplete the minutes in Plaintiff's cell phone plan when Defendant lacked consent to call Plaintiff.

77.   Defendants' phone calls harmed Plaintiff by causing the very harm that Congress sought to prevent—a "nuisance and invasion of privacy."

78.   Defendants' phone calls harmed Plaintiff by trespassing upon and interfering with Plaintiff's rights and interests in Plaintiff's cellular telephone.

79.   Defendants' phone calls harmed Plaintiff by trespassing upon and interfering with Plaintiff's rights and interests in Plaintiff's cellular telephone line.

80.   Defendants' phone calls harmed Plaintiff by intruding upon Plaintiff's seclusion.

9

Case Number: WC-2020-0360
Filed in Washington County Superior Court
Submitted: 9/7/2020 7:59 PM
Envelope: 2736080
Reviewer: Brittany M.

1:20-CV-00438-WES-PAS    Document 5    Filed 10/13/20    Page 45 of 66 PageID #: 105

81.  Defendants harassed Plaintiff by incessantly calling Plaintiff's telephone.

82.  Defendants' phone calls harmed Plaintiff by causing Plaintiff aggravation and annoyance.

83.  Defendants' phone calls harmed Plaintiff by wasting Plaintiff's time.

84.  Defendants' phone calls harmed Plaintiff by depleting the battery life on Plaintiff's cellular telephone.

85.  Defendants' phone calls harmed Plaintiff by using data storage space in Plaintiff's cellular telephone.

## V.  STATUTORY STRUCTURE TELEPHONE CONSUMER PROTECTION ACT

86.  In 1991, Congress enacted the TCPA in response to a growing number of consumer complaints regarding certain telemarketing practices.

87.  The TCPA regulates, *inter alia*, the use of automated telephone dialing systems.

88.  Under the TCPA, an "automated telephone dialing system" ("ATDS") is: (1) an automated dialing system capable of storing or producing and dialing telephone numbers, using a random or sequential number generator; and/or (2) a predictive dialer, which makes automated calls at a pace designed to optimize matching a connected call with an available agent. See 47 U.S.C. § 227(a)(1)); *In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, Declaratory Ruling, 23 F.C.C.R. 559, ¶ 12 (2008) ("FCC 2008 Declaratory Ruling").

89.  Specifically, 47 U.S.C. § 227(1)(A)(iii) prohibits any call using an ATDS or an artificial or prerecorded voice to a cellular phone without prior express consent by the person being called, unless the call is for emergency purposes.

90.  According to findings by the Federal Communications Commission ("FCC"), such

10

Case Number: WC-2020-0360
Filed in Washington County Superior Court
Submitted: 9/7/2020 7:59 PM
Envelope: 2736080
Reviewer: Brittany M.

1:20-CV-00438-WES-PAS   Document 5   Filed 10/13/20   Page 46 of 66 PageID #: 106

calls are prohibited because automated or prerecorded telephone calls are a greater
nuisance and invasion of privacy than live solicitation calls. The FCC also
recognized that wireless customers are charged for incoming calls. See *In re Rules and
Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG Docket No.
02-278, Report and Order, 18 F.C.C.R. 14014 (2003).

## VI.  STATUTORY STRUCTURE RHODE ISLAND DECEPTIVE TRADE PRACTICES ACT

91.     The Rhode Island Deceptive Trade Practices Act was passed to declare as unlawful
the "unfair methods of competition and unfair or deceptive acts or practices in the
conduct of any trade or commerce."  RIGL § 6-13.1-2.

92.     Under the Rhode Island Deceptive Trade Practices Act, a "person" means natural
persons, corporations, and any other legal entity.  RIGL § 6-13.1-1 (3).

93.     Under the Rhode Island Deceptive Trade Practices Act, "trade" and "commerce"
mean the sale or distribution of any services and any property, tangible or intangible,
real, personal, or mixed, and any other article, commodity, or thing of value
wherever situate, and include any trade or commerce directly or indirectly affecting
the people of Rhode Island.  RIGL § 6-13.1-1 (5).

94.     Under the Rhode Island Deceptive Trade Practices Act, unfair methods of
competition and unfair or deceptive acts or practices include (but are not limited to)
any one or more of the following:

   a. Engaging in any other conduct that similarly creates a likelihood of confusion
      or of misunderstanding [RIGL § 6-13.1-1 (6) (xii)].
   b. Engaging in any act or practice that is unfair or deceptive to the consumer
      [RIGL § 6-13.1-1 (6) (xiii)].
   c. Using any other methods, acts or practices which mislead or deceive members
      of the public in a material respect [RIGL § 6-13.1-1 (6) (xiv)].

11

Case Number: WC-2020-0360
Filed in Washington County Superior Court
Submitted: 9/7/2020 7:59 PM
Envelope: 2736080
Reviewer: Brittany M.

1:20-CV-00438-WES-PAS   Document 5   Filed 10/13/20   Page 47 of 66 PageID #: 107

95. The Rhode Island Deceptive Trade Practices Act does not define consumer. RIGL § 6-13.1-1.

96. The remedies available under the Rhode Island Deceptive Trade Practices Act are available to "any person" and are not limited to consumers. RIGL § 6-13.1-5.2.

97. The remedies available under the Rhode Island Deceptive Trade Practices Act are available to "any person" and do not require a vendor-consumer relationship. RIGL § 6-13.1-5.2.

98. Under the Rhode Island Deceptive Trade Practices Act, any person who purchases or leases goods or services primarily for personal, family, or household purposes and thereby suffers any ascertainable loss of money or property, real or personal, as a result of the use or employment by another person of a method, act, or practice declared unlawful by § 6-13.1-2, may bring an action under the rules of civil procedure in the court of the county in which the seller or lessor resides; is found; has his or her principal place of business or is doing business; or in the superior court of the county as is otherwise provided by law, to recover actual damages or two hundred dollars ($200), whichever is greater. The court may, in its discretion, award punitive damages and may provide other equitable relief that it deems necessary or proper. RIGL § 6-13.1-5.2(a).

## VII. STATUTORY STRUCTURE RIGHT TO PRIVACY

99. Under RIGL § 9-1-28.1, it is the policy of this state that every person in this state shall have a right to privacy which shall be defined to include, *inter alia*, the right to be secure from unreasonable intrusion upon one's physical solitude or seclusion.

Case Number: WC-2020-0360
Filed in Washington County Superior Court
Submitted: 9/7/2020 7:59 PM
Envelope: 2736080
Reviewer: Brittany M.

1:20-CV-00438-WES-PAS    Document 5    Filed 10/13/20    Page 48 of 66 PageID #: 108

## COUNT I – Telephone Consumer Protection Act – 47 U.S.C. § 227(b)(1)(A)(iii)

100.    The acts of the Defendants constitute violations of the Telephone Consumer
        Protection Act.

101.    Defendants' violations of the TCPA include, but are not limited to, the following:

    i.    Making and/or initiating a telephone call using an automatic telephone dialing
          system or an artificial or prerecorded voice to any telephone number assigned
          to a cellular telephone service, in violation of 47 U.S.C. § 227(b)(1)(A)(iii).

102.    As a result of Defendants' actions, under 47 U.S.C. § 227(b)(3), Plaintiff is entitled to
        an award of statutory damages of $500.00 for each such violation and an injunction
        prohibiting future conduct in violation of the TCPA.

103.    Since Defendants' violations were committed willfully and knowingly, Plaintiff
        requests an award of statutory damages of $1,500.00 under 47 U.S.C. § 227(b)(3) for
        each such violation.

**Wherefore**, the Plaintiff requests judgment against each Defendant for

    1)    Actual Damages pursuant to 47 U.S.C. § 227(b)(3);
    2)    Statutory Damages in the amount of $1,500 for "each such violation"
          pursuant to 47 U.S.C. § 227(b)(3);
    3)    Declaratory Relief that Defendant violated the TCPA.
    4)    Injunctive Relief to restrain and enjoin Defendant from calling Plaintiff.
    5)    Referral to the Rhode Island Attorney General for prosecution under 47
          U.S.C. § 227(g).
    6)    Such other relief as the Court may deem just and appropriate.

## COUNT II – Telephone Consumer Protection Act – 47 CFR § 64.1200(a)(1)(iii)

104.    The acts of the Defendants constitute violations of the Telephone Consumer
        Protection Act.

105.    Defendants violated regulations of the TCPA including, but not limited to, the
        following:

    i.    No person or entity may use an automatic telephone dialing system or an

13

Case Number: WC-2020-0360
Filed in Washington County Superior Court
Submitted: 9/7/2020 7:59 PM
Envelope: 2736080
Reviewer: Brittany M.

Case 1:20-CV-00438-WES-PAS   Document 5   Filed 10/13/20   Page 49 of 66 PageID #: 109

artificial or prerecorded voice to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call.

47 CFR § 64.1200(a)(1)(iii).

106. Defendants damaged Plaintiff by calling his cellular phone and using the limited minutes plan in his cellular telephone plan that Plaintiff purchased.

107. As a result of Defendants' actions, under 47 U.S.C. § 227(b)(3), Plaintiff is entitled to an award of statutory damages of $500.00 "for each such violation" and an injunction prohibiting future conduct in violation of the TCPA.

108. Since Defendants' violations were committed willfully and knowingly, Plaintiff requests an award of statutory damages of $1,500.00 under 47 U.S.C. § 227(b)(3) for each such violation.

**Wherefore**, the Plaintiff requests judgment against each Defendant for

1) Actual Damages pursuant to 47 U.S.C. § 227(b)(3);
2) Statutory Damages in the amount of $1,500 for each such violation pursuant to 47 U.S.C. § 227(b)(3);
3) Declaratory Relief that Defendant violated the TCPA.
4) Injunctive Relief to restrain and enjoin Defendant from calling Plaintiff.
5) Referral to the Rhode Island Attorney General for prosecution under 47 U.S.C. § 227(g).
6) Such other relief as the Court may deem just and appropriate.

**COUNT III – Telephone Consumer Protection Act – 47 CFR § 64.1200(a)(2)**

109. The acts of the Defendants constitute violations of the Telephone Consumer Protection Act.

110. Defendants violated regulations of the TCPA including, but not limited to, the following:

i. No person or entity may initiate, or cause to be initiated, any telephone call that includes or introduces an advertisement or constitutes telemarketing, using an automatic telephone dialing system or an artificial or prerecorded voice, to any

14

Case Number: WC-2020-0360
Filed in Washington County Superior Court
Submitted: 9/7/2020 7:59 PM
Envelope: 2736080
Reviewer: Brittany M.

Case 1:20-CV-00438-WES-PAS    Document 5    Filed 10/13/20    Page 50 of 66 PageID #: 110

of the lines or telephone numbers described in paragraphs (a)(1)(i) through (iii) of this section.

47 CFR § 64.1200(a)(2).

111.    Defendants damaged Plaintiff by calling his cellular phone with telemarketing messages and using the limited minutes plan in Plaintiff's cellular telephone plan that Plaintiff purchased.

112.    As a result of Defendants' actions, under 47 U.S.C. § 227(b)(3), Plaintiff is entitled to an award of statutory damages of $500.00 "for each such violation" and an injunction prohibiting future conduct in violation of the TCPA.

113.    Since Defendants' violations were committed willfully and knowingly, Plaintiff requests an award of statutory damages of $1,500.00 under 47 U.S.C. § 227(b)(3) for each such violation.

**Wherefore**, the Plaintiff requests judgment against each Defendant for

1)    Actual Damages pursuant to 47 U.S.C. § 227(b)(3);
2)    Statutory Damages in the amount of $1,500 for each such violation pursuant to 47 U.S.C. § 227(b)(3);
3)    Declaratory Relief that Defendant violated the TCPA.
4)    Injunctive Relief to restrain and enjoin Defendant from calling Plaintiff.
5)    Referral to the Rhode Island Attorney General for prosecution under 47 U.S.C. § 227(g).
6)    Such other relief as the Court may deem just and appropriate.

### COUNT IV – Telephone Consumer Protection Act – 47 CFR § 64.1200(b)(1)

114.    The acts of the Defendants constitute violations of the Telephone Consumer Protection Act.

115.    Defendants violated regulations of the TCPA including, but not limited to, the following:

i.    All artificial or prerecorded voice telephone messages shall at the beginning of the message, state clearly the identity of the business, individual, or other entity that is responsible for initiating the call. If a business is responsible for initiating

15

Case Number: WC-2020-0360
Filed in Washington County Superior Court
Submitted: 9/7/2020 7:59 PM
Envelope: 2736080
Reviewer: Brittany M.

1:20-CV-00438-WES-PAS   Document 5   Filed 10/13/20   Page 51 of 66 PageID #: 111

the call, the name under which the entity is registered to conduct business with the State Corporation Commission (or comparable regulatory authority) must be stated.

47 CFR § 64.1200(b)(1).

116.   Since Defendants did not properly identify themselves to Plaintiff during the prerecorded message, Defendants' conduct damaged Plaintiff by forcing him to incur expenses to conduct further research to determine who was actually calling Plaintiff.

117.   As a result of Defendants' actions, under 47 U.S.C. § 227(b)(3), Plaintiff is entitled to an award of statutory damages of $500.00 "for each such violation" and an injunction prohibiting future conduct in violation of the TCPA.

118.   Since Defendants' violations were committed willfully and knowingly, Plaintiff requests an award of statutory damages of $1,500.00 under 47 U.S.C. § 227(b)(3) for each such violation.

**Wherefore**, the Plaintiff requests judgment against each Defendant for

1) Actual Damages pursuant to 47 U.S.C. § 227(b)(3);
2) Statutory Damages in the amount of $1,500 for each such violation pursuant to 47 U.S.C. § 227(b)(3);
3) Declaratory Relief that Defendant violated the TCPA.
4) Injunctive Relief to restrain and enjoin Defendant from calling Plaintiff.
5) Referral to the Rhode Island Attorney General for prosecution under 47 U.S.C. § 227(g).
6) Such other relief as the Court may deem just and appropriate.

**COUNT V – Telephone Consumer Protection Act – 47 CFR § 64.1200(b)(2)**

119.   The acts of the Defendants constitute violations of the Telephone Consumer Protection Act.

120.   Defendants violated regulations of the TCPA including, but not limited to, the following:

i.   During or after the message, state clearly the telephone number of such business, other entity, or individual.

16

Case Number: WC-2020-0360
Filed in Washington County Superior Court
Submitted: 9/7/2020 7:59 PM
Envelope: 2736080
Reviewer: Brittany M.

Case 1:20-CV-00438-WES-PAS   Document 5   Filed 10/13/20   Page 52 of 66 PageID #: 112

47 CFR § 64.1200(b)(2).

121.   Since Defendants did not provide a telephone number to Plaintiff during the

prerecorded message, Defendants' conduct damaged Plaintiff by forcing him to incur

expenses to conduct further research to determine who was actually calling Plaintiff.

122.   As a result of Defendants' actions, under 47 U.S.C. § 227(b)(3), Plaintiff is entitled to

an award of statutory damages of $500.00 "for each such violation" and an

injunction prohibiting future conduct in violation of the TCPA.

123.   Since Defendants' violations were committed willfully and knowingly, Plaintiff

requests an award of statutory damages of $1,500.00 under 47 U.S.C. § 227(b)(3) for

each such violation.

**Wherefore**, the Plaintiff requests judgment against each Defendant for

1) Actual Damages pursuant to 47 U.S.C. § 227(b)(3);
2) Statutory Damages in the amount of $1,500 for each such violation
   pursuant to 47 U.S.C. § 227(b)(3);
3) Declaratory Relief that Defendant violated the TCPA.
4) Injunctive Relief to restrain and enjoin Defendant from calling Plaintiff.
5) Referral to the Rhode Island Attorney General for prosecution under 47
   U.S.C. § 227(g).
6) Such other relief as the Court may deem just and appropriate.

**COUNT VI – Telephone Consumer Protection Act – 47 CFR § 64.1200(b)(3)**

124.   The acts of the Defendants constitute violations of the Telephone Consumer

Protection Act.

125.   Defendants violated regulations of the TCPA including, but not limited to, the

following:

i.   In every case where the artificial or prerecorded voice telephone message
     includes or introduces an advertisement or constitutes telemarketing and is
     delivered to a residential telephone line or any of the lines or telephone
     numbers described in paragraphs (a)(1)(i) through (iii), provide an automated,
     interactive voice- and/or key press-activated opt-out mechanism for the called

17

Case Number: WC-2020-0360
Filed in Washington County Superior Court
Submitted: 9/7/2020 7:59 PM
Envelope: 2736080
Reviewer: Brittany M.

Case 1:20-CV-00438-WES-PAS   Document 5   Filed 10/13/20   Page 53 of 66 PageID #: 113

person to make a do-not-call request.

47 CFR § 64.1200(b)(3).

126. Since Defendants did not provide an opt-out mechanism to Plaintiff during the
prerecorded message, Defendants' conduct damaged Plaintiff by forcing him to incur
expenses from further phone calls to Plaintiff's cellular telephone.

127. As a result of Defendants' actions, under 47 U.S.C. § 227(b)(3), Plaintiff is entitled to
an award of statutory damages of $500.00 "for each such violation" and an
injunction prohibiting future conduct in violation of the TCPA.

128. Since Defendants' violations were committed willfully and knowingly, Plaintiff
requests an award of statutory damages of $1,500.00 under 47 U.S.C. § 227(b)(3) for
each such violation.

**Wherefore**, the Plaintiff requests judgment against each Defendant for

1) Actual Damages pursuant to 47 U.S.C. § 227(b)(3);
2) Statutory Damages in the amount of $1,500 for each such violation
   pursuant to 47 U.S.C. § 227(b)(3);
3) Declaratory Relief that Defendant violated the TCPA.
4) Injunctive Relief to restrain and enjoin Defendant from calling Plaintiff.
5) Referral to the Rhode Island Attorney General for prosecution under 47
   U.S.C. § 227(g).
6) Such other relief as the Court may deem just and appropriate.

**COUNT VII – Telephone Consumer Protection Act – 47 CFR § 64.1200(c)(2)**

129. The acts of the Defendants constitute violations of the Telephone Consumer
Protection Act.

130. Defendants violated regulations of the TCPA including, but not limited to, the
following:

i.   No person or entity shall initiate any telephone solicitation to a residential
     telephone subscriber who has registered his or her telephone number on the
     national do-not-call registry of persons who do not wish to receive telephone
     solicitations that is maintained by the Federal Government.

18

Case Number: WC-2020-0360
Filed in Washington County Superior Court
Submitted: 9/7/2020 7:59 PM
Envelope: 2736080
Reviewer: Brittany M.

Case 1:20-CV-00438-WES-PAS    Document 5    Filed 10/13/20    Page 54 of 66 PageID #: 114

47 CFR § 64.1200(c)(2).

ii.   The rules set forth in paragraph (c) and (d) of this section [47 CFR § 64.1200] are applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers to the extent described in the Commission's Report and Order, CG Docket No. 02-278, FCC 03-153, "Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991.".

47 CFR § 64.1200(e).

131.   Since Defendants called Plaintiff's cellular telephone while his telephone was on the National Do Not Call Registry, Defendants' conduct damaged Plaintiff by forcing him to incur expenses from further phone calls to Plaintiff's cellular telephone.

132.   As a result of Defendants' actions, under 47 U.S.C. § 227(b)(3), Plaintiff is entitled to an award of statutory damages of $500.00 "for each such violation" and an injunction prohibiting future conduct in violation of the TCPA.

133.   Since Defendants' violations were committed willfully and knowingly, Plaintiff requests an award of statutory damages of $1,500.00 under 47 U.S.C. § 227(b)(3) for each such violation.

**Wherefore**, the Plaintiff requests judgment against each Defendant for

1)   Actual Damages pursuant to 47 U.S.C. § 227(b)(3);
2)   Statutory Damages in the amount of $1,500 for each such violation pursuant to 47 U.S.C. § 227(b)(3);
3)   Declaratory Relief that Defendant violated the TCPA.
4)   Injunctive Relief to restrain and enjoin Defendant from calling Plaintiff.
5)   Referral to the Rhode Island Attorney General for prosecution under 47 U.S.C. § 227(g).
6)   Such other relief as the Court may deem just and appropriate.

### COUNT VIII – Telephone Consumer Protection Act – 47 CFR § 64.1200(d)(4)

134.   The acts of the Defendants constitute violations of the Telephone Consumer Protection Act.

135.   Defendants violated regulations of the TCPA including, but not limited to, the

19

Case Number: WC-2020-0360
Filed in Washington County Superior Court
Submitted: 9/7/2020 7:59 PM
Envelope: 2736080
Reviewer: Brittany M.

Case 1:20-CV-00438-WES-PAS   Document 5   Filed 10/13/20   Page 55 of 66 PageID #: 115

following:

i.    Identification of sellers and telemarketers. A person or entity making a call for telemarketing purposes must provide the called party with the name of the individual caller, the name of the person or entity on whose behalf the call is being made, and a telephone number or address at which the person or entity may be contacted.

47 CFR § 64.1200(d)(4).

136.    Since Defendants did not identify the name of the caller, Defendants' conduct damaged Plaintiff by forcing him to incur expenses to determine who called Plaintiff's cellular telephone.

137.    Since Defendants did not identify the name of the entity on whose behalf the call is being made, Defendants' conduct damaged Plaintiff by forcing him to incur expenses to determine who called Plaintiff's cellular telephone.

138.    Since Defendants did not identify the telephone number of the caller, Defendants' conduct damaged Plaintiff by forcing him to incur expenses to determine who called Plaintiff's cellular telephone.

139.    Since Defendants did not identify the address of the caller, Defendants' conduct damaged Plaintiff by forcing him to incur expenses to determine who called Plaintiff's cellular telephone.

140.    As a result of Defendants' actions, under 47 U.S.C. § 227(b)(3), Plaintiff is entitled to an award of statutory damages of $500.00 "for each such violation" and an injunction prohibiting future conduct in violation of the TCPA.

141.    Since Defendants' violations were committed willfully and knowingly, Plaintiff requests an award of statutory damages of $1,500.00 under 47 U.S.C. § 227(b)(3) for each such violation.

**Wherefore**, the Plaintiff requests judgment against each Defendant for

20

Case Number: WC-2020-0360
Filed in Washington County Superior Court
Submitted: 9/7/2020 7:59 PM
Envelope: 2736080
Reviewer: Brittany M.

1:20-CV-00438-WES-PAS   Document 5   Filed 10/13/20   Page 56 of 66 PageID #: 116

1) Actual Damages pursuant to 47 U.S.C. § 227(b)(3);
2) Statutory Damages in the amount of $1,500 for each such violation pursuant to 47 U.S.C. § 227(b)(3);
3) Declaratory Relief that Defendant violated the TCPA.
4) Injunctive Relief to restrain and enjoin Defendant from calling Plaintiff.
5) Referral to the Rhode Island Attorney General for prosecution under 47 U.S.C. § 227(g).
6) Such other relief as the Court may deem just and appropriate.

### COUNT IX – Telephone Consumer Protection Act– 47 U.S.C. § 227(c)(5)

142.   The acts of the Defendants constitute violations of the Telephone Consumer Protection Act.

143.   Defendants' violations of the TCPA include, but are not limited to, the following:

  i.   Placing more than one telephone call to Plaintiff's cellular phone without consent in violation of the TCPA regulations.

144.   As a result of Defendants' actions, under 47 U.S.C. § 227(c)(5), Plaintiff is entitled to an award of statutory damages of $500.00 for each such violation and an injunction prohibiting future conduct in violation of the TCPA.

145.   Since Defendants' violations were committed willfully and knowingly, Plaintiff requests an award of statutory damages of $1,500.00 under 47 U.S.C. § 227(c)(5) for each such violation.

**Wherefore**, the Plaintiff requests judgment against each Defendant for

1) Actual Damages pursuant to 47 U.S.C. § 227(c)(5);
2) Statutory Damages in the amount of $1,500 for each such violation pursuant to 47 U.S.C. § 227(c)(5);
3) Declaratory Relief that Defendant violated the TCPA.
4) Injunctive Relief to restrain and enjoin Defendant from calling Plaintiff.
5) Referral to the Rhode Island Attorney General for prosecution under 47 U.S.C. § 227(g).
6) Such other relief as the Court may deem just and appropriate.

### COUNT X – Telephone Consumer Protection Act – 47 CFR § 64.1200(a)(1)(iii)

21

146. The acts of the Defendants constitute violations of the Telephone Consumer

Protection Act.

147. Defendants violated regulations of the TCPA including, but not limited to, the

following:

i.  No person or entity may use an automatic telephone dialing system or an
artificial or prerecorded voice to any telephone number assigned to a paging
service, cellular telephone service, specialized mobile radio service, or other
radio common carrier service, or any service for which the called party is
charged for the call.

47 CFR § 64.1200(a)(1)(iii).

148. Defendants damaged Plaintiff by calling his cellular phone and using the limited

minutes plan in his cellular telephone plan that Plaintiff purchased.

149. As a result of Defendants' actions, under 47 U.S.C. § 227(c)(5), Plaintiff is entitled to

an award of statutory damages of $500.00 for each such violation and an injunction

prohibiting future conduct in violation of the TCPA.

150. Since Defendants' violations were committed willfully and knowingly, Plaintiff

requests an award of statutory damages of $1,500.00 under 47 U.S.C. § 227(c)(5) for

each such violation.

**Wherefore**, the Plaintiff requests judgment against each Defendant for

1)  Actual Damages pursuant to 47 U.S.C. § 227(c)(5);
2)  Statutory Damages in the amount of $1,500 for each such violation
pursuant to 47 U.S.C. § 227(c)(5);
3)  Declaratory Relief that Defendant violated the TCPA.
4)  Injunctive Relief to restrain and enjoin Defendant from calling Plaintiff.
5)  Referral to the Rhode Island Attorney General for prosecution under 47
U.S.C. § 227(g).
6)  Such other relief as the Court may deem just and appropriate.

22

## COUNT XI – Telephone Consumer Protection Act – 47 CFR § 64.1200(a)(2)

151.    The acts of the Defendants constitute violations of the Telephone Consumer

Protection Act.

152.    Defendants violated regulations of the TCPA including, but not limited to, the

following:

  i.    No person or entity may initiate, or cause to be initiated, any telephone call that
includes or introduces an advertisement or constitutes telemarketing, using an
automatic telephone dialing system or an artificial or prerecorded voice, to any
of the lines or telephone numbers described in paragraphs (a)(1)(i) through (iii)
of this section.

                                                           47 CFR § 64.1200(a)(2).

153.    Defendants damaged Plaintiff by calling his cellular phone with telemarketing

messages and using the limited minutes plan in Plaintiff's cellular telephone plan that

Plaintiff purchased.

154.    As a result of Defendants' actions, under 47 U.S.C. § 227(c)(5), Plaintiff is entitled to

an award of statutory damages of $500.00 for each such violation and an injunction

prohibiting future conduct in violation of the TCPA.

155.    Since Defendants' violations were committed willfully and knowingly, Plaintiff

requests an award of statutory damages of $1,500.00 under 47 U.S.C. § 227(c)(5) for

each such violation.

**Wherefore**, the Plaintiff requests judgment against each Defendant for

  1) Actual Damages pursuant to 47 U.S.C. § 227(c)(5);
  2) Statutory Damages in the amount of $1,500 for each such violation
     pursuant to 47 U.S.C. § 227(c)(5);
  3) Declaratory Relief that Defendant violated the TCPA.
  4) Injunctive Relief to restrain and enjoin Defendant from calling Plaintiff.
  5) Referral to the Rhode Island Attorney General for prosecution under 47
     U.S.C. § 227(g).
  6) Such other relief as the Court may deem just and appropriate.

23

Case Number: WC-2020-0360
Filed in Washington County Superior Court
Submitted: 9/7/2020 7:59 PM
Envelope: 2736080
Reviewer: Brittany M.

Case 1:20-CV-00438-WES-PAS    Document 5    Filed 10/13/20    Page 59 of 66 PageID #: 119

### COUNT XII – Telephone Consumer Protection Act – 47 CFR § 64.1200(b)(1)

156.    The acts of the Defendants constitute violations of the Telephone Consumer

Protection Act.

157.    Defendants violated regulations of the TCPA including, but not limited to, the

following:

   i.    All artificial or prerecorded voice telephone messages shall at the beginning of
         the message, state clearly the identity of the business, individual, or other entity
         that is responsible for initiating the call. If a business is responsible for initiating
         the call, the name under which the entity is registered to conduct business with
         the State Corporation Commission (or comparable regulatory authority) must
         be stated.

                                                                47 CFR § 64.1200(b)(1).

158.    Since Defendants did not properly identify themselves to Plaintiff during the

prerecorded message, Defendants' conduct damaged Plaintiff by forcing him to incur

expenses to conduct further research to determine who was actually calling Plaintiff.

159.    As a result of Defendants' actions, under 47 U.S.C. § 227(c)(5), Plaintiff is entitled to

an award of statutory damages of $500.00 for each such violation and an injunction

prohibiting future conduct in violation of the TCPA.

160.    Since Defendants' violations were committed willfully and knowingly, Plaintiff

requests an award of statutory damages of $1,500.00 under 47 U.S.C. § 227(c)(5) for

each such violation.

**Wherefore**, the Plaintiff requests judgment against each Defendant for

      1)  Actual Damages pursuant to 47 U.S.C. § 227(c)(5);
      2)  Statutory Damages in the amount of $1,500 for each such violation
          pursuant to 47 U.S.C. § 227(c)(5);
      3)  Declaratory Relief that Defendant violated the TCPA.
      4)  Injunctive Relief to restrain and enjoin Defendant from calling Plaintiff.
      5)  Referral to the Rhode Island Attorney General for prosecution under 47
          U.S.C. § 227(g).
      6)  Such other relief as the Court may deem just and appropriate.

24

Case Number: WC-2020-0360
Filed in Washington County Superior Court
Submitted: 9/7/2020 7:59 PM
Envelope: 2736080
Reviewer: Brittany M.

1:20-CV-00438-WES-PAS    Document 5    Filed 10/13/20    Page 60 of 66 PageID #: 120

## COUNT XIII – Telephone Consumer Protection Act – 47 CFR § 64.1200(b)(2)

161.  The acts of the Defendants constitute violations of the Telephone Consumer

Protection Act.

162.  Defendants violated regulations of the TCPA including, but not limited to, the

following:

    i.    During or after the message, state clearly the telephone number of such
          business, other entity, or individual.
                                                          47 CFR § 64.1200(b)(2).

163.  Since Defendants did not provide a telephone number to Plaintiff during the

prerecorded message, Defendants' conduct damaged Plaintiff by forcing him to incur

expenses to conduct further research to determine who was actually calling Plaintiff.

164.  Since Defendants did not properly identify themselves to Plaintiff during the

prerecorded message, Defendants' conduct damaged Plaintiff by forcing him to incur

expenses to conduct further research to determine who was actually calling Plaintiff.

165.  As a result of Defendants' actions, under 47 U.S.C. § 227(c)(5), Plaintiff is entitled to

an award of statutory damages of $500.00 for each such violation and an injunction

prohibiting future conduct in violation of the TCPA.

166.  Since Defendants' violations were committed willfully and knowingly, Plaintiff

requests an award of statutory damages of $1,500.00 under 47 U.S.C. § 227(c)(5) for

each such violation.

**Wherefore**, the Plaintiff requests judgment against each Defendant for

    1)  Actual Damages pursuant to 47 U.S.C. § 227(c)(5);
    2)  Statutory Damages in the amount of $1,500 for each such violation
        pursuant to 47 U.S.C. § 227(c)(5);
    3)  Declaratory Relief that Defendant violated the TCPA.
    4)  Injunctive Relief to restrain and enjoin Defendant from calling Plaintiff.

25

Case Number: WC-2020-0360
Filed in Washington County Superior Court
Submitted: 9/7/2020 7:59 PM
Envelope: 2736080
Reviewer: Brittany M.

Case 1:20-CV-00438-WES-PAS   Document 5   Filed 10/13/20   Page 61 of 66 PageID #: 121

     5) Referral to the Rhode Island Attorney General for prosecution under 47 U.S.C. § 227(g).

     6) Such other relief as the Court may deem just and appropriate.

## COUNT XIV – Telephone Consumer Protection Act – 47 CFR § 64.1200(b)(3)

167. The acts of the Defendants constitute violations of the Telephone Consumer Protection Act.

168. Defendants violated regulations of the TCPA including, but not limited to, the following:

     i. In every case where the artificial or prerecorded voice telephone message includes or introduces an advertisement or constitutes telemarketing and is delivered to a residential telephone line or any of the lines or telephone numbers described in paragraphs (a)(1)(i) through (iii), provide an automated, interactive voice- and/or key press-activated opt-out mechanism for the called person to make a do-not-call request.

                                                                         47 CFR § 64.1200(b)(3).

169. Since Defendants did not provide an opt-out mechanism to Plaintiff during the prerecorded message, Defendants' conduct damaged Plaintiff by forcing him to incur expenses from further phone calls to Plaintiff's cellular telephone.

170. As a result of Defendants' actions, under 47 U.S.C. § 227(c)(5), Plaintiff is entitled to an award of statutory damages of $500.00 for each such violation and an injunction prohibiting future conduct in violation of the TCPA.

171. Since Defendants' violations were committed willfully and knowingly, Plaintiff requests an award of statutory damages of $1,500.00 under 47 U.S.C. § 227(c)(5) for each such violation.

**Wherefore**, the Plaintiff requests judgment against each Defendant for

     1) Actual Damages pursuant to 47 U.S.C. § 227(c)(5);

     2) Statutory Damages in the amount of $1,500 for each such violation pursuant to 47 U.S.C. § 227(c)(5);

     3) Declaratory Relief that Defendant violated the TCPA.

   4) Injunctive Relief to restrain and enjoin Defendant from calling Plaintiff.

   5) Referral to the Rhode Island Attorney General for prosecution under 47 U.S.C. § 227(g).

   6) Such other relief as the Court may deem just and appropriate.

### COUNT XV – Telephone Consumer Protection Act – 47 CFR § 64.1200(c)(2)

172. The acts of the Defendants constitute violations of the Telephone Consumer Protection Act.

173. Defendants violated regulations of the TCPA including, but not limited to, the following:

    i.   No person or entity shall initiate any telephone solicitation to a residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the Federal Government.

                                        47 CFR § 64.1200(c)(2).

    ii.   The rules set forth in paragraph (c) and (d) of this section [47 CFR § 64.1200] are applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers to the extent described in the Commission's Report and Order, CG Docket No. 02-278, FCC 03-153, "Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991."

                                        47 CFR § 64.1200(e).

174. Since Defendants called Plaintiff's cellular telephone while his telephone was on the National Do Not Call Registry, Defendants' conduct damaged Plaintiff by forcing him to incur expenses from further phone calls to Plaintiff's cellular telephone.

175. As a result of Defendants' actions, under 47 U.S.C. § 227(c)(5), Plaintiff is entitled to an award of statutory damages of $500.00 for each such violation and an injunction prohibiting future conduct in violation of the TCPA.

176. Since Defendants' violations were committed willfully and knowingly, Plaintiff requests an award of statutory damages of $1,500.00 under 47 U.S.C. § 227(c)(5) for each such violation.

27

Case Number: WC-2020-0360
Filed in Washington County Superior Court
Submitted: 9/7/2020 7:59 PM
Envelope: 2736080
Reviewer: Brittany M.

1:20-CV-00438-WES-PAS    Document 5    Filed 10/13/20    Page 63 of 66 PageID #: 123

**Wherefore**, the Plaintiff requests judgment against each Defendant for

1) Actual Damages pursuant to 47 U.S.C. § 227(c)(5);
2) Statutory Damages in the amount of $1,500 for each such violation pursuant to 47 U.S.C. § 227(c)(5);
3) Declaratory Relief that Defendant violated the TCPA.
4) Injunctive Relief to restrain and enjoin Defendant from calling Plaintiff.
5) Referral to the Rhode Island Attorney General for prosecution under 47 U.S.C. § 227(g).
6) Such other relief as the Court may deem just and appropriate.

**COUNT XVI – Telephone Consumer Protection Act – 47 CFR § 64.1200(d)(4)**

177. The acts of the Defendants constitute violations of the Telephone Consumer Protection Act.

178. Defendants violated regulations of the TCPA including, but not limited to, the following:

 i. Identification of sellers and telemarketers. A person or entity making a call for telemarketing purposes must provide the called party with the name of the individual caller, the name of the person or entity on whose behalf the call is being made, and a telephone number or address at which the person or entity may be contacted.

47 CFR § 64.1200(d)(4).

179. Since Defendants did not identify the name of the caller, Defendants' conduct damaged Plaintiff by forcing him to incur expenses to determine who called Plaintiff's cellular telephone.

180. Since Defendants did not identify the name of the entity on whose behalf the call is being made, Defendants' conduct damaged Plaintiff by forcing him to incur expenses to determine who called Plaintiff's cellular telephone.

181. Since Defendants did not identify the telephone number of the caller, Defendants' conduct damaged Plaintiff by forcing him to incur expenses to determine who called Plaintiff's cellular telephone.

28

182.    Since Defendants did not identify the address of the caller, Defendants' conduct

damaged Plaintiff by forcing him to incur expenses to determine who called

Plaintiff's cellular telephone.

183.    As a result of Defendants' actions, under 47 U.S.C. § 227(c)(5), Plaintiff is entitled to

an award of statutory damages of $500.00 for each such violation and an injunction

prohibiting future conduct in violation of the TCPA.

184.    Since Defendants' violations were committed willfully and knowingly, Plaintiff

requests an award of statutory damages of $1,500.00 under 47 U.S.C. § 227(c)(5) for

each such violation.

**Wherefore**, the Plaintiff requests judgment against each Defendant for

1) Actual Damages pursuant to 47 U.S.C. § 227(c)(5);
2) Statutory Damages in the amount of $1,500 for each such violation
   pursuant to 47 U.S.C. § 227(c)(5);
3) Declaratory Relief that Defendant violated the TCPA.
4) Injunctive Relief to restrain and enjoin Defendant from calling Plaintiff.
5) Referral to the Rhode Island Attorney General for prosecution under 47
   U.S.C. § 227(g).
6) Such other relief as the Court may deem just and appropriate.

## COUNT XVII – RHODE ISLAND DTPA

185.    The Plaintiff reasserts the facts and allegations contained in all of the proceeding

paragraphs and incorporates them into this Count.

186.    Defendants violated the restrictions the RI DTPA imposes on them prohibiting

Defendants from using unfair and deceptive practices in violation of Rhode Island

General Law § 6-13.1 *et seq.*

187.    Defendants engaged in false representation or deceptive means to obtain money from

a consumer.

188.    By calling Plaintiff's personal cellular telephone repeatedly, Defendants caused

Case Number: WC-2020-0360
Filed in Washington County Superior Court
Submitted: 9/7/2020 7:59 PM
Envelope: 2736080
Reviewer: Brittany M.

CV-00438-WES-PAS   Document 5   Filed 10/13/20   Page 65 of 66 PageID #: 125

Plaintiff to incur charges to his personal cellular telephone plan, and depleted the minutes available in his plan.

189.   By using a trade name ("Police & Sheriff Support Alliance") that was not registered to any legitimate business, Defendants caused Plaintiff confusion and frustration while he attempted to ascertain who was actually calling him.

190.   Defendants actions were unfair to Plaintiff where Plaintiff went out of his way to register his cellular phone with the Do Not Call Registry to stop unwanted phone calls from Defendants.

191.   Defendants' actions or transactions are not permitted by the Rhode Island department of business regulation.

192.   As a result of such conduct and actions, the Plaintiff has suffered actual damages, in an amount to be determined by the court, and he may recover therefore pursuant to Rhode Island General Law § 6-13.1-5.2.

193.   Such conduct and actions of Defendants were willful, egregious, wicked, and, as a result, the Plaintiff is entitled to punitive damages pursuant to Rhode Island General Law § 6-13.1-5.2.

194.   The Plaintiff is entitled to an award of attorney's fees pursuant to Rhode Island General Law § 6-13.1-5.2.

**Wherefore**, the Plaintiff requests judgment against each Defendant for

1) Actual Damages pursuant to RIGL § 6-13.1-5.2;
2) Statutory Damages against Defendants in the amount of $200 for each violation of the Rhode Island Deceptive Trade Practices Act pursuant to RIGL § 6-13.1-5.2;
3) Punitive Damages pursuant to RIGL § 6-13.1-5.2;
4) Costs and attorney fees pursuant to RIGL § 6-13.1-5.2;
5) Declaratory Relief that Defendants violated the Rhode Island Deceptive Trade Practices Act;

30

6) Injunctive Relief to refer the Court's findings to the Rhode Island Attorney General for prosecution and forfeiture under RIGL § 6-13.1-5, RIGL § 6-13.1-5.2(c), RIGL § 6-13.1-7, and RIGL § 6-13.1-9.
7) Such other relief as the Court may deem just and appropriate.

## COUNT XVIII – RIGHT TO PRIVACY

195.  The Plaintiff reasserts the facts and allegations contained in all of the proceeding paragraphs and incorporates them into this Count.

196.  Defendants intruded upon the seclusion of Plaintiff.

197.  Defendants invaded Plaintiff's privacy by calling his private cellular phone.

198.  Defendants benefit from the violation of Plaintiff's privacy.

199.  Such conduct and actions of Defendants were willful and egregious.

200.  As a result of such conduct and actions, the Plaintiff has suffered actual damages, in an amount to be determined by the court, and he may recover therefore pursuant to Rhode Island General Law § 9-1-28.1.

**Wherefore**, the Plaintiff requests judgment against each Defendant for

1) Actual Damages pursuant to RIGL § 9-1-28.1;
2) Costs and attorney fees pursuant to RIGL § 9-1-28.1;
3) Injunctive Relief to restrain and enjoin Defendant from violating Plaintiff's privacy;
4) Such other relief as the Court may deem just and appropriate.

The Plaintiff,
Christopher Laccinole


*/s/ Christopher M. Laccinole*
Christopher M. Laccinole
23 Othmar St.
Narragansett, RI 02882
chrislaccinole@gmail.com

31