```
                    UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF RHODE ISLAND
_____
                                    )
CHRISTOPHER LACCINOLE,              )
                                    )
          Plaintiff,                )
                                    )
     v.                             )   C.A. No. 20-438 WES
                                    )
HONORING AMERICAN LAW ENFORCEMENT   )
PAC,                                )
                                    )
          Defendant.                )
_____ )
```

**MEMORANDUM AND ORDER**

Before the Court is Plaintiff Laccinole's Motion to Remand the present case back to the Rhode Island Superior Court. For the reasons that follow, the Motion to Remand, ECF No. 8, is DENIED.

I.   BACKGROUND

In September 2020, Plaintiff sued Honoring American Law Enforcement PAC ("HALE") in the Rhode Island Superior Court, alleging violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, and state statutes. See Compl. ¶¶ 1-3, ECF No. 4. On October 9, HALE filed both its removal notice in the state court and - less than an hour later - in this Court. See Notice of Removal, ECF No. 1; State Court Notice of Removal, ECF No. 5. On November 13, 2020, Plaintiff moved this Court to remand the case back to the Rhode Island state court. See Pl.'s Mot. to Remand, ECF No. 8. HALE filed its opposition to Plaintiff's motion on November 19, 2020. See Def.'s Opp. Mot. Remand, ECF No. 9.

II.   DISCUSSION

Plaintiff alleges that HALE's removal process was deficient in three ways: (a) HALE was required to file the Notice of Removal in federal court first and then afterward file the removal notice with the state court, (b) HALE failed to include the state court record in its initial filing with this Court, and (c) the Notice of Removal did not state that it was signed pursuant to Rule 11 of the Federal Rules of Civil Procedure.  See Pl.'s Mem. Supp. Mot. Remand 2-6, ECF No. 8-1.  The Court will discuss each argument in turn.

    A.   Timing of Notices

A defendant who wishes to remove an action from state court must file a notice of removal in the federal district court.  28 U.S.C. § 1446(a).  "Promptly after the filing of such notice of removal[,]" the defendant "shall file a copy of the notice with the [state court]."  Id. § 1446(d).  Relying on Esposito v. Home Depot U.S.A., Inc., 590 F.3d 72 (1st Cir. 2009), Plaintiff argues that 28 U.S.C. § 1446 must be narrowly construed, and that the removal was fatally flawed because HALE filed its removal notice in state court before filing it in federal court.  See Pl.'s Mem. Supp. Mot. Remand 3.

Plaintiff's reliance on Esposito is misplaced.  There, two defendants filed notices of removal; the third defendant filed an answer in federal court but failed to file a notice of removal.

2

Esposito, 590 F.3d at 74.  The First Circuit upheld the district court's denial of the remand motion despite this technical failure because the answer constituted consent to removal.  Id. at 75-77.

Here, the technical defect is insignificant, as HALE filed its Notice of Removal with both courts on the same day.  See Notice of Removal, ECF No. 1; State Court Notice of Removal, ECF No. 5.  To the extent Esposito applies here at all, it stands for the proposition that this Court should not "establish a wooden rule, regardless of whether such a rule would have the benefit of promoting clarity[,]" if a technical defect is later cured without prejudice to the plaintiff.  590 F.3d at 77.  To do otherwise would be to improperly "place form before function."  Id. (citation omitted).  The minutes-long delay at issue does not necessitate remand.

    B.    State Court Record

28 U.S.C. § 1446(a) requires a defendant to include all process, pleadings, and orders from the state court in its notice of removal.  Plaintiff argues that HALE's removal was facially defective because HALE failed to attach those documents to its initial filing.  See Pl.'s Mem. Supp. Mot. Remand 4-5.  Relying on Andalusia Enters., Inc. v. Evanston Ins. Co., 487 F. Supp. 2d 1290 (N.D. Ala. 2007), Plaintiff argues that "[f]ull compliance with the terms of § 1446(a) is the only way to accomplish a successful removal . . . ."  Pl.'s Mem. Supp. Mot. Remand 5.

3

Again, Plaintiff's reliance is misplaced. In Andalusia, the defendant tried to remove the case to federal court but did not attach the state court summons with its notice even after a lengthy passage of time. See 487 F. Supp. 2d at 1293, 1300. Further, the plaintiff was the one that pointed out the missing documentation, and the defendant did not attempt to amend its removal until after the thirty-day removal deadline had passed. Id.; see also 28 U.S.C. § 1446(b) (requiring notice of removal to be filed within thirty days of defendant's receipt of complaint or summons).

Here, in contrast, the correction to HALE's removal notice occurred on the same day as HALE's filing (thus within the thirty-day window), and HALE did so with the Court's permission. See Summons, Service of Process, and Compl., ECF No. 4; Oct. 9, 2020 Corrective Docket Entry. Therefore, Plaintiff was not prejudiced because the defect was identified and cured almost immediately.

C. Rule 11

Plaintiff's Rule 11 argument is perplexing. He does not allege a specific violation warranting Rule 11 sanctions; instead, he argues that remand is warranted because HALE failed to include a disclaimer that removal was "signed pursuant to Rule 11 of the Federal Rules of Civil Procedure." Pl.'s Mem. Supp. Mot. Remand 5. Rule 11(a) requires every filing to be signed by the attorney of record and state the signer's contact information. Rule 11(b) provides that "[b]y presenting to the court a pleading, written

4

motion, or other paper — whether by signing, filing, submitting, or later advocating it — an attorney . . . certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances[,] it is not being presented for any improper purpose," the "legal contentions are warranted[,]" and "the factual contentions have evidentiary support . . . ."

In essence, Rule 11 exists to ensure that by submitting a document, an attorney is implicitly acknowledging that he or she has performed the requisite due diligence and is not submitting a court filing for reasons of bad faith.  By signing the Notice of Removal and including his email address, mailing address, and phone number, HALE's attorney satisfied the signature requirement of Rule 11.  See Notice of Removal 3, ECF No. 1.

III. CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Remand, ECF No. 8, is DENIED.


IT IS SO ORDERED.

_/s/ WESmith_
William E. Smith
District Judge
Date:  April 5, 2021

5